## DAWSON vs. GARLAND.

| 70 | 447 |
| 109 | 222 |

1. When a mortgage on personalty has been foreclosed by affidavit, and a counter-affidavit has been interposed and returned for trial, the *fi. fa.* is mesne process, or in the nature of mesne process, and is amendable.
2. The levy does not fall by reason of such amendment. Especially not, where the amendment struck out that part of the claim which defendant alleged was illegal.
3. The court was right in sustaining the verdict for the sum ascertained to be due, after striking out the claim for attorney's fees.
(a.) Whether attorney's fees can be recovered by the foreclosure of a chattel mortgage, is not decided.

April 3, 1883.

Mortgage. Amendment. Practice in Superior Court. Judge STEWART. Upson Superior Court. July Term, 1882.

Garland foreclosed a chattel mortgage against Dawson. A *fi. fa.* was issued by the clerk of the superior court, and levied on the property. Dawson filed a counter-affidavit, alleging that he had not had his day in court, and pleading failure of consideration. When the case was called for trial, plaintiff tendered in evidence the affidavit foreclosing the mortgage. Defendant objected to it on the ground that it contained, in addition to the usual oath to foreclose a chattel mortgage, a statement that defendant was indebted to plaintiff "$45.10, attorney's fees." The bill of exceptions recites that the court granted an order allowing plaintiff's attorney to strike out these words, and overruled the objection to the affidavit; that the same objection was made to the mortgage *fi. fa.*, and the same amendment allowed. The judge certifies that but one order was

taken, allowing plaintiff to write off all in the affidavit and *fi. fa.* in relation to attorneys' fees. This order appears in the record as follows:

"It appearing to the court that the *fi. fa.* in the above stated case is proceeding for the sum of $45.10 attorneys' fees, in addition to the principal, interest and cost therein stated, and defendant objecting to said item of $45.10 attorneys' fees, upon the ground that a mortgage on personalty could not be foreclosed for attorneys' fees, it is ordered that said item of $45.10 attorneys' fees be written off, and that said *fi. fa.* be allowed to proceed for the remainder."

Defendant moved to dismiss the case, on the ground that the affidavit and *fi. fa.* having been amended, the levy fell. The motion was overruled. The jury found for plaintiff, and defendant excepted.

W. S. WALLACE, for plaintiff in error.

ALLEN & TISINGER, for defendant.

JACKSON, Chief Justice.

This case arose on the levy of a mortgage *fi. fa.*, under sections 3971–2 of the Code, and a defence thereto, under section 3975. The errors alleged are that the court erred in allowing the plaintiff to amend the judgment and *fi. fa.* by striking out the sum of $45.10 for attorney's fees, and in not dismissing the levy when this amendment was allowed, but after verdict of a jury, ordering the execution to proceed for the principal and interest, without the attorneys' fees.

1. We see no error in allowing the amendment. It was the first trial of the foreclosure of the mortgage on personal property, on an issue between the parties, and not an ordinary affidavit of illegality to a final judgment. The issue was, shall the plaintiff have final judgment of foreclosure, and for how much? And it was the first time the parties had met, or could meet on that issue. The judgment and *fi. fa.* and levy were but *mesne*, or in the nature of *mesne* process, if resisted, to bring the case into court. All previous thereto was *ex parte*. Therefore, the judg-

ment, not being final, was amendable. It was really a part of the altercation between plaintiff and defendant—plaintiff's declaration, as it were,—and the affidavit of the defendant was his answer, his part of that altercation. Being pleading, it was amendable; and so was the execution to conform to it.

2. The levy did not fall by reason of the amendment, because it was the amendment, not of a final judgment or execution at all, but of proceedings to bring the case into court, if the amount of the foreclosure was too much, or if for any other legal reason the foreclosure was illegal. The very ground on which the *ex parte* foreclosure was resisted, before made final, is that it was too much by the fees of the attorneys; and yet, strange to say, when the ground is sustained and the foreclosure is allowed to become final only by lessening it to the legitimate sum, as contended for by defendant himself, he excepts to his own defence, when it is allowed.

3. It must follow that the court was right to sustain the verdict of the jury, that the *fi. fa.* proceed for the sum ascertained to be due, after striking out the attorneys' fees, and to enter up the judgment accordingly.

As to whether the court was right in ruling that attorneys' fees were not recoverable by foreclosure, we express no opinion, because no exception is taken to that ruling, and the point is not before us.

Judgment affirmed.