*Ernest J. Kimsey,* for plaintiff in error.

*Sam Kimzey,* contra.

---

### INTERSTATE TRUST COMPANY *v.* CITIZENS BANK *et al.*

GILBERT, J.   1. There is no merit in the contention that the judgment "should be affirmed for the reason that a substantial copy of defendant's motion to dismiss is neither specified in the bill of exceptions  .  .  nor is a substantial copy thereof included in and made a part of said bill of exceptions, though the ruling on said motion is the only exception taken in the bill, and is not only material but essential to a clear understanding of the alleged error."   The motion to dismiss, as certified in the bill of exceptions, was oral, and raised the sole issue of the sufficiency of the petition.   As such the recital in the bill of exceptions is sufficient.

2. "Courts have full power over their officers making execution sales; and whenever satisfied that a sale made under process is infected with fraud, irregularity, or error to the injury of either party, the sale will be set aside."   Civil Code (1910), § 6032.

3. "While inadequacy of price at a sheriff's sale will not, of itself, be a sufficient ground to set aside the sale [Civil Code (1910), § 4129], yet when it is grossly inadequate and is connected with fraud, mistake, misapprehension, surprise, or other circumstances which tend to bring about such inadequacy, to the injury of parties interested, the sale will be set aside by a court of equity."   *Smith* v. *Georgia Loan &c. Co.,* 114 *Ga.* 189 (39 S. E. 846) ; *Alston* v. *Wingfield,* 53 *Ga.* 18; *Ruis* v. *Branch,* 138 *Ga.* 150 (74 S. E. 1081, 42 L. R. A. (N. S.) 1198) ; *Croft* v. *Sorrell,* 151 *Ga.* 92 (106 S. E. 108).   In *Parker* v. *Glenn,* 72 *Ga.* 637, it was held that section 6032 of the Civil Code applied to execution sales as well as to private sales.

4. The facts alleged in the petition are sufficient, if established by proof, to entitle the petitioner to a judgment setting aside the sale.   Under these facts the petitioner was not, as a matter of law, guilty of such laches as would estop it from applying for equitable relief.

5. The court erred in dismissing the petition.

*Judgment reversed.   All the Justices concur.*

No. 6580.   JUNE 13, 1928.

Equitable petition.  Before Judge W. E. Thomas.  Colquitt superior court.   April 2, 1928.

The petition of the Interstate Trust Company against the Citizens Bank of Moultrie, T. V. Beard, sheriff, and Dennis E. Vickers

alleged that on August 14, 1916, Vickers executed to petitioner a note in the sum of $3300, with a security deed to described lands as a first lien thereon; that petitioner sued on said note to judgment which was obtained on July 26, 1922, the same setting up a special lien in favor of petitioner on 300 acres of said lands, upon which execution issued; that the sheriff levied the execution on said lands on August 7, 1922, and the same were advertised for sale on the first Tuesday in September, 1922; that petitioner wrote to said sheriff on August 30, 1922, not to sell said lands until he had notified one W. C. Mather, who was to attend the sale as a representative of petitioner; that Vickers, prior to time of sale, obtained a stay of said sale by filing the required bond and security, and the sheriff, after expiration of such stay, readvertised the property for sale; that on the first Tuesday in January, 1923, the new sale day, there were present the cashier of said Citizens Bank and others, before the court-house door, and the sheriff was about to send for Mather, member of a law firm which also represented said bank, according to instructions of petitioner given as above stated, but said cashier told the sheriff that Mather no longer represented petitioner; that said bank colluded and conspired with Vickers that Vickers should not attend said sale; that all persons present and interested knew that no sale was to take place without the presence of the representative of petitioner; that the sheriff, under the suggestion of the cashier of said bank, and in collusion with said bank, offered said property for sale, without the presence of any representative of petitioner, and the same was bid in by said bank through its cashier for the sum of $1010, an unfair and grossly inadequate price; that Vickers obtained said loan of $3300 with no other security than that above stated, and had no other property out of which said execution could be satisfied; that petitioner does not believe the sum of $1010 was ever paid in by said bank, as it filed later a petition to require petitioner, the sheriff, and Vickers to show cause why State and county tax fi. fas. against Vickers for 1921 and 1922 should not be paid out of said $1010, that petition being filed by attorneys Askew & Mather, the latter of whom was to represent petitioner at said sale; that petitioner has thus suffered irreparable damage, and it would be unjust and unconscionable for said bank to thus retain said lands, whereas by a cancellation of said sale said bank would be no worse off as to any claim against Vickers

than before; that the sheriff executed and delivered to said bank his deed to said lands, which was put on record, and said sheriff, bank, and cashier colluded and conspired falsely and fraudulently to defraud petitioner by prevention of its being represented at said sale, so as to permit said bank to get said lands at an unfair price; that said sale is void because of the above-described conduct of the sheriff and the cashier of said bank, and because the sheriff's advertisement did not state the hour of said sale, its place or its terms, and further because said sale should have been under the second execution against Vickers and his security on said stay bond; and that petitioner is not guilty of any laches, as suit was not earlier filed because negotiations were being had for a settlement out of court, and petitioner, repudiating said sale, has never demanded or received any of the proceeds thereof. The prayers were that the sale be declared null and void and a resale ordered by the court, and the sheriff's deed be delivered up and canceled. This petition was filed on April 13th, 1926.

The defendant bank filed an answer. At the trial it moved orally to dismiss the petition upon the ground that it failed to set out any cause of action. The court sustained the motion, and the plaintiff excepted.

*L. L. Moore* and *Martin L. Bivins,* for plaintiff.
*Waldo DeLoache,* for defendants.