29781. ALROPA CORPORATION *v.* GOLDSTEIN.

DECIDED MARCH 19, 1943.

*Ivey & Nathan*, for plaintiff.
*Samuel L. Eplan, Arnold Kaye*, for defendant.

MacINTYRE, J. The petition shows that a mortgage under seal

was given to secure a note not under seal. The note was barred by the statute of limitations, while the mortgage was not. The petition states "that this action is brought and specifically based upon the right of the plaintiff to recover on the covenant contained in the mortgage deed," "to pay all and singular the principal and interest and other sums of money payable by virtue of said promissory notes and this deed, or either, promptly and on the days respectively the same severally become due." The question is whether an independent action for a personal judgment can be maintained on a mortgage where the note is barred by the statute of limitations.

"A mortgage in this State is only security for a debt, and passes no title." Code, § 67-101. "When a mortgage has been taken, to secure the payment of a promissory note, and the remedy on the note is barred by the statute of limitations, is the remedy on the mortgage also barred? We think not, for the reason, that the creditor stipulated, by contract, for two remedies against his debtor, to enforce the collection of his demand. One remedy was by suit upon the note, and having obtained judgment for the amount of the note, such judgment would bind all the property of the defendant. The other remedy was upon the mortgage, by petition and foreclosure, in the manner pointed out by the statute. By this latter remedy, the creditor can sell the mortgaged property, in satisfaction of his debt. *The creditor may pursue both remedies at the same time* [italics ours], until he obtains satisfaction of his debt. Although the remedy on the note may be barred, after the expiration of six years, yet *the debt is not extinguished.*" *Elkins* v. *Edwards,* 8 *Ga.* 325. "This court has ruled that the bar of the statue might attach upon a promissory note secured by mortgage, and the mortgage itself be still enforceable against the *specific property* [italics ours], the proceeding to foreclose being commenced before the mortgage also was barred." *Allen* v. *Glenn,* 87 *Ga.* 414 (13 S. E. 565). But the plaintiff contends: "An indebtedness evidenced by a promissory note may in turn be merged into and extinguished by a different form of obligation, but not necessarily so. A promissory note indebtedness which is secured by a mortgage or deed to secure debt is not extinguished by the mortgage or deed to secure debt, but the two instruments exist as separate and complementary instruments. The creditor has his remedy under either

Payment of the note will extinguish the obligation and no remedy remains to the creditor under either the note or the mortgage, but mere lapse of time which bars the remedy on the note does not extinguish the indebtedness evidenced by the note and does not bar the remedy on the mortgage, until a sufficient time has elapsed under the statute applicable to that instrument, but the remedy under the mortgage, whatever it may be, remains available to the creditor."

It is true that the remedy on the note, which is barred by the statute of limitations, does not bar the remedy on the mortgage, which is not barred until the statute of limitations has run, and the remedy on the mortgage relatively to the statute of limitations remains available to the creditor until such statute has run. But what is the remedy on the mortgage? The object of a mortgage is to secure a debt with the property mortgaged. *Carmichael* v. *Citizens &c. Bank,* 162 *Ga.* 735 (134 S. E. 771). The only remedy under the mortgage is to seek to subject the property to the lien created by it. This is usually done by proceeding against the property under what is generally known as a mortgage foreclosure, and no general judgment can be taken against the mortgagor in such a proceeding. Hence, where it is attempted to sue under covenant of the mortgage as stated above, the suit can not be brought against the defendant in personam; and there being no prayer in the present suit to foreclose the mortgage on the property described therein, or to assert the mortgage lien against the mortgaged property, the court did not err in sustaining the general demurrer to the petition. This suit was brought in a city court, and the petition specifically stated that it was brought on a contract, a covenant in the mortgage, with no prayer to foreclose the mortgage. A general demurrer was sustained on the ground that the statute of limitations had run. Such ruling is affirmed by this court. *Brown* v. *Cole,* 138 *Ga.* 433 (75 S. E. 334) ; *Conway* v. *Caswell,* 121 *Ga.* 254, 257 (48 S. E. 956, 2 Ann. Cas. 269).

In the present state of the pleadings, no affirmative relief can be obtained under the allegations of the answer. In no case will this court undertake to pass on questions presented by a bill of exceptions when an adjudication of them, even though favorable to the plaintiff in error, could not result in any possible benefit to him. We find no error requiring the grant of a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*