36017.   SWYMER *v.* SWYMER, Administrator.

DECIDED FEBRUARY 1, 1956.

*Jesse T. Edwards,* for plaintiff in error.

*S. Spencer Bennet,* contra.

GARDNER, P. J. The question to be determined is whether or not the court correctly sustained the special demurrer and thereafter dismissed the caveat. It is elementary that a public sale contemplates that the public shall be given the opportunity to engage in competition by competitive bids. It will be noted that under the facts of this case the administrator made application to the Court of Ordinary of Brooks County, (the county in which the land was located) for an order to sell the land in question. He duly obtained such order. Therefore, the land was put up for sale in the regular manner, so far as this record shows. At the sale the land was "knocked off" to the administrator for $6,000.

According to the record the caveator did not mention his alleged offer of $10,000 from May, 1953, until after the sale at public outcry the following November. There is nothing in the record to show why the caveator did not follow up the sale of the land as it was his duty and right to do if he wanted to see that the land brought $10,000. It is true that the caveat contained an allegation that the administrator did not sell the land under such circumstances to make it bring the best price and that the administrator purposely sold the land under such circumstances to militate against the land bringing the best price, but there is nothing in the record to support this contention. Many things may happen from May until the following November. There appears to be no reason why the caveator as an heir at law did not follow up the situation and do something towards making the land bring what the caveator contends it was worth. It is well settled that an administrator, who is also an heir at law, may purchase at his own sale, provided the transaction is not infected with fraud. In *Gormley* v. *Askew*, 177 *Ga.* 554 (170 S. E. 674) the court said: "The purchase by an administrator at his own sale who is interested in the property as an heir at law, is not fraud in itself."

The trial court did not err in the judgment dismissing the caveat and entering final judgment discharging the administrator.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*