### 37370. JACKOWITZ v. TINGLE.

QUILLIAN, Judge. 1. Where, as in this case, the plaintiff filed an amendment to the petition which materially changed the nature of the petition, a previous judgment overruling a general demurrer to the original petition did not preclude the defendant from demurring generally to the petition as amended. Code § 81-1312; *Green* v. *Spires,* 189 *Ga.* 719, 721 (7 S. E. 2d 246).

2. Where, as in this case, the plaintiff filed a suit in personam against the defendant, based upon a mortgage to secure a debt, the petition is subject to general demurrer. "The object of a mortgage is to secure a debt with the property mortgaged. *Carmichael* v. *Citizens &c. Bank,* 162 *Ga.* 735 (134 S. E. 771). The only remedy under the mortgage is to seek to subject the property to the lien created by it. This is usually done by proceeding against the property under what is generally known as a mortgage foreclosure, and no general judgment can be taken against the mortgagor in such a proceeding." *Alropa Corp.* v. *Goldstein,* 69 *Ga. App.* 168, 170 (25 S. E. 2d 116).

The judge did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

DECIDED OCTOBER 24, 1958.

*MacDougald & Feagin, John E. Feagin,* for plaintiff in error.
*Walter W. Aycock, James O. Goggins,* contra.

FELTON, Chief Judge, concurring specially. 1. There is an additional reason why the defendant had a right to demur to the petition as amended and that is that in the first order the court sustained one ground of demurrer and the order allowed the plaintiff twenty days within which to amend and provided that "otherwise petition is dismissed." Under the amendment to Code (Ann.) § 81-1001 such a judgment is of no effect and means nothing insofar as the law of the case is concerned, as another and final order must be passed whether the pleadings are amended or not. *McConnell* v. *White,* 91 *Ga. App.* 92 (85 S. E. 2d 75).

2. The mortgages sued on stated that they were given to secure promissory notes in certain amounts due in ninety days and bearing interest at eight percent. My view is that the mortgages would have to be reformed to show that they secured debts for which no notes were given to bring the case within the principle announced in *Stansell* v. *Corley,* 81 *Ga.* 453 (8 S. E. 868) and similar cases and to make the mortgages actionable. I think the ruling in *Alropa Corp.* v. *Goldstein,* 69 *Ga. App.* 168 (25 S. E. 2d 116), refers only to mortgages which were indisputably given to secure promissory notes or separate evidences of debt.