## 42295.   WALKER v. SMALL EQUIPMENT COMPANY.

SUBMITTED SEPTEMBER 9, 1966—DECIDED NOVEMBER 14, 1966.

*Joel A. Willis, Jr.,* for appellant.
*Spencer & Armitage, Paul C. Armitage,* for appellee.

FRANKUM, Judge. This case arose on the levy of a fi. fa. issued upon the foreclosure of a "conditional sale contract" covering certain personal property (as authorized by *Code* § 67-1601) in the manner in which chattel mortgages are foreclosed by affidavit under *Code* § 67-701, and the filing of an affidavit of illegality by the defendant in fi. fa. under *Code* § 67-801. After the trial court sustained certain grounds of the plaintiff's demurrers to the defendant's defensive pleadings, the plaintiff filed its motion for a summary judgment against the defendant, and upon a hearing on the motion the court held that there was no genuine issue as to any material fact in the case, and granted the motion by rendering a judgment which may be subject to the construction that it is a general judgment against the defendant. She contends that the court erred in rendering a general judgment against her. With this contention we agree.

"The holder of a mortgage on personal property may sue on the debt or may foreclose the mortgage against the property given to secure debt, either one or both, or may pursue both at the same time. *Juchter v. Boehm, Bendheim & Co.*, 63 Ga. 71; *Hopkins v. West Publishing Co.*, 106 Ga. App. 596 (2) (127 SE2d 849). 'The two actions (foreclosure of the mortgage and the suit on the debt) are unlike, the causes of action are not the same, and the results are dissimilar. A mortgage on realty is foreclosed by petition and rule, *Code* § 3962 (see *Code* § 67-201); a mortgage on personalty, by affidavit, annexing the same to the mortgage, and filing both in the office of the clerk of the superior court, Id., § 3971. An ordinary action is instituted by petition and process, Ib., §§ 3332 (see *Code* § 81-101), 3334 (see *Code Ann.* § 81-201), 4918. The cause of action in a foreclosure proceeding is the lien, and the breach of the condition of the mortgage contract; . . . The result of a foreclosure proceeding is the establishment of a special lien against the specific property, and the obtainment of an execution to sell it; the result of an ordinary action is a general judgment for the debt, which, by statute, is a general lien upon all the debtor's property, and which is enforced by execution against all his goods and chattels, lands and tenements. . .' *Juchter v. Boehm, Bendheim & Co.*, 63 Ga. 71, 74." *Banks v. Employees*

*Loan &c. Corp.,* 112 Ga. App. 38, 39, 40 (143 SE2d 787). A general judgment cannot be taken against the defendant in fi. fa. in a foreclosure brought under *Code* § 67-701. See *Jackowitz v. Tingle,* 98 Ga. App. 463 (106 SE2d 44), and *Alropa Corp. v. Goldstein,* 69 Ga. App. 168, 170 (25 SE2d 116).

*Code* § 67-804 provides in part as follows: "If the mortgagor shall fail to set up and sustain his defense as hereinbefore authorized, the mortgaged property shall be sold, and the proceeds of the sale shall be applied to the said mortgage execution." The effect of the judgment sustaining demurrers to certain portions of the defensive pleadings of the defendant in fi. fa., and the holding that there was no genuine issue of fact left in the case, amounted to a decision by the trial court that the defendant in fi. fa. failed to set up any meritorious defense to the foreclosure proceeding. Upon the making of the motion for a summary judgment by the plaintiff in fi. fa. a duty devolved upon the defendant in fi. fa. to make a showing that there was a genuine issue of fact if she wished to avoid the rendition of a summary judgment against her. *Scales v. Peevy,* 103 Ga. App. 42, 46 (2) (118 SE2d 193). This she failed to do.

Under the principles first stated, however, the proper judgment for the court to have rendered would have been a judgment that the mortgage fi. fa. be amended (*Dawson v. Garland,* 70 Ga. 447) to conform to the amount shown to be due, including principal, interest and costs; that it proceed, and that the property levied on be sold and applied to said fi. fa. *Taliaferro v. J. S. Cowart & Son,* 47 Ga. App. 730 (6) (171 SE 406). The judgment as rendered is somewhat ambiguous in that it is subject to the construction that it was intended to operate as a general judgment against the defendant, but this is not necessarily the proper construction. However, this may be corrected, and to accomplish this the language of the judgment should be modified so as to conform to what has been said in this opinion, and accordingly, the judgment will be affirmed with direction that this be done.

The other contention of the appellant is that the court erred in failing to consider her plea of estoppel to the application for a summary judgment because the plaintiff had filed a previous

motion for a summary judgment which had been denied. This contention is not meritorious. Amendments had been filed to the pleadings which completely eliminated from the case the matter upon which the court passed in deciding the first motion. *Suggs v. Brotherhood of Locomotive Firemen &c.*, 106 Ga. App. 563, 564 (2) (127 SE2d 827); *Stein Steel &c. Co. v. Briggs Mfg. Co.*, 110 Ga. App. 489, 493 (3a) (138 SE2d 910).

*Judgment affirmed with direction. Felton, C. J., and Pannell, J., concur.*