## 42884. MYERS v. JOHNSON.

DEEN, Judge. It may, in a malpractice action against a physician, become a jury question precluding the grant of a summary judgment whether under a given set of facts the physician should have made additional tests or given additional treatment. *Word v. Henderson*, 220 Ga. 846 (142 SE2d 244). The function of the trial court in ruling on a motion for summary judgment is analogous to the function it performs when ruling on a motion for directed verdict. *Standard Acc. Ins. Co. v. Ingalls Iron Works Co.*, 109 Ga. App. 574 (136 SE2d 505). On a motion for summary judgment made after trial, where the case has been reversed on appeal and another trial is pending, rulings of the appellate court as to the evidence introduced on the first trial are the law of the case. *Hamby v. Hamby*, 107 Ga. App. 255 (129 SE2d 561). This court held, in setting aside a verdict and judgment in favor of the plaintiff because of errors in the charge of the court on the prior appeal (113 Ga. App. 648): "Competent medical evidence was adduced on the trial of this case from which

the jury could find that the defendant did not exercise a reasonable degree of care and skill in his care and treatment of the plaintiff and that as a proximate result of his failure to do so the plaintiff sustained injury for which she could recover damages. ˙Specifically, the evidence authorized the finding that the defendant should have observed symptoms showing the presence of a staphylococcus infection in the operation incision and should have made a culture from the area of the incision or drainage therefrom to verify the presence of this infection and determine the most effective treatment of same, and that because of the delay in properly treating the infection occasioned by the negligence of the defendant, the plaintiff suffered great pain and permanent damage to the infected knee." This conclusion was based in part, among other things, on the testimony of two medical witnesses for the plaintiff, and on the fact that while the defendant denied positively that there was pus in the wound, which he testified that he examined each day, entries in the hospital record by an intern show as of September 6, 1958, "Evidence of celluditis around left knee" (a condition testimony related to presence of infection) and on September 9, "Wound is opened and draining thick yellow pus." .

The defendant's motion for summary judgment incorporates all the testimony on the prior trial and in addition contains affidavits by the defendant and other physicians. The latter had not read and did not comment upon the testimony of plaintiff's medical witnesses which this court held was sufficient to raise a jury question. While they state positively that the defendant offered able, efficient and conscientious treatment in accordance with the standard practice generally employed by the medical profession in the community, this results only in a conflict of evidence, and does not eliminate the testimony of other witnesses which this court has held to create a fact issue on the defendant's negligence.

The trial court did not err in denying the motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED JUNE 8, 1967—DECIDED JUNE 20, 1967—
REHEARING DENIED JULY 26, 1967.

*G. Seals Aiken,* for appellant.

*Harmon & Thackston, Nolan B. Harmon, Greene, Buckley, DeRieux, Moore & Jones, Thomas B. Branch, III,* for appellee.