44290.   KING v. SCHAEFFER et al.

SUBMITTED MARCH 3, 1969—DECIDED APRIL 11, 1969—
REHEARING DENIED MAY 22, 1969—

*Grant, Spears & Duckworth, William H. Duckworth, Jr.,* for appellant.

*King & Spalding, Charles H. Kirbo, Robert L. Steed,* for appellees.

FELTON, Chief Judge. This is the second appearance of this case in this court. On the first appeal, this court held that the trial court erred in granting a summary judgment for the defendants as to Count 1 of the petition which was based on the allegations that the two defendants conspired to and did cause him to be discharged from his position with his employer. *King v. Schaeffer*, 115 Ga. App. 344 (154 SE2d 819). The Supreme Court, on certiorari, affirmed the judgment of this court as to its ruling as to Count 1, but adjudged that Division 4 of this court's opinion be stricken. *Schaeffer v. King*, 223 Ga. 468 (155 SE2d 815).

1. It is difficult to determine what the Supreme Court meant when it stated: "On the hearing of the petition for a summary judgment, the evidence did not demand a finding that Schaeffer did not have the right to discharge King. This issue is one for determination by the jury." *The motion for summary judgment was not made by the appellant, but was made by the appellees.* At any rate, construing the opinion of the Supreme Court as a whole, it must mean that the question as to whether Schaeffer had an absolute right to discharge King was a question of fact under the record before it and that if he had the absolute right to discharge King he could not be liable in tort even though he did not exercise his absolute right but induced others to direct him to do the discharging. Under this construction there was still a question of fact whether Schaeffer had the absolute authority to discharge King. The only material difference between the evidence on the motion for a summary judgment and on the trial is that there was additional testimony on the *trial* that a particular official had the right to authorize one of his subordinate officers to discharge the appellant without qualification or approval of higher authority. This testimony did not go far enough for the reason that it was not proved that such a departure from the prevailing practice of having Schaeffer's discharge powers reviewed before becoming final had the approval of the board of directors of the employer company *as did the prevailing practice rules*. In such a situation the mere act of an officer is not the corporate act.

2. By implication both this court and the Supreme Court

ruled that as to the issue of conspiracy there were questions of fact from which a jury could find in the appellant's favor. The facts on this question, on the trial, were not substantially different from those on the hearing on the motion for a summary judgment. Under any other ruling where the facts on motion for summary judgment cover more than one issue a decision against the grant of a summary judgment precludes a re-adjudication of those not expressly ruled on where the evidence is substantially the same. Otherwise, rehearings of motions for summary judgments would be endless. If the evidence on the motion for a summary judgment had required a summary judgment for the appellees here, this court or the Supreme Court would have so ruled. *One in All Corp. v. Fulton Nat. Bank,* 108 Ga. App. 142 (132 SE2d 116).

This case is palpably distinguishable from that of *Suggs v. Brotherhood of Locomotive Firemen &c.,* 106 Ga. App. 563 (2) (127 SE2d 827). The same is true as to *Stein Steel &c. Co. v. Briggs Mfg. Co.,* 110 Ga. App. 489 (3) (138 SE2d 910); *Walker v. Small Equipment Co.,* 114 Ga. App. 603, 606 (152 SE2d 629) and *Venable v. Grage,* 116 Ga. App. 340 (157 SE2d 519). See also *Myers v. Johnson,* 116 Ga. App. 232 (156 SE2d 663).

The court erred in directing a verdict for the appellees.

*Judgment reversed. Quillian, J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. I concur in the judgment reached in this case, but cannot agree with the statement contained in Division 2 of the opinion that the mere denial of a summary judgment "precludes re-adjudication [on the trial] of those [issues] not expressly ruled on where the evidence is substantially the same." Under the federal rules there can ordinarily be no judicial review of the denial of a summary judgment, and because of this, there is no law of the case established thereby. While the federal decisions in this area may not be altogether applicable, since under the Georgia practice a review can be had, and was actually had, on appeal in this case, and because of the exercise of this right of review, the law of the case may be established (see Section 60(h) of the Civil Practice Act (Ga. L. 1966, pp. 609, 622) as amended by Section

27 of the Act of 1967 (Ga. L. 1967, pp. 226, 239; *Code Ann.* § 81A-160(h)); yet in the absence of an appeal the ruling on summary judgment does not necessarily preclude an adjudication of issues not expressly ruled on even though the evidence be the same. See *Suggs v. Brotherhood of Locomotive Firemen &c.,* 106 Ga. App. 563 (2); *Stein Steel &c. Co. v. Briggs Mfg. Co.,* 110 Ga. App. 489 (3); *Walker v. Small Equipment Co.,* 114 Ga. App. 603, 605; *Venable v. Grage,* 116 Ga. App. 340, 347, all supra. While the ruling stated may be properly applicable here because there has been an appeal and decision by an appellate court (see *Myers v. Johnson,* 116 Ga. App. 232, supra), the ruling as stated is not so qualified and would not be applicable in the absence of an appeal from, and an adjudication on, said prior ruling by a higher court as was done here.