## 46790. WARREN COMPANY v. LITTLE RIVER FARMS, INC.

DEEN, Judge. The appellant the Warren Company executed an affidavit of foreclosure under a security agreement covering a walk-in cooler in the possession of Little River Farms, Inc., based on a past due indebtedness under the agreement of $1,412.17. It then filed a petition stating that the property was located at 3457 Canton Highway, Marietta, Georgia, and praying for an order authorizing it to be sold at that address because, due to its size, moving costs might exceed its value. This procedure is authorized under *Code* § 39-1201 and the court did in fact make an order that the property remain "at its present location at 3457 Canton Highway," and that due notice of this fact be stated in the advertisement. The sale as

advertised contained the address first appearing in appellant's petition and restated in the order, although as a matter of fact the property was located at 2457 Canton Highway, which is the address appearing in the original security agreement. Appellant sent to the site two persons authorized to bid up to the amount of indebtedness. Informed by the marshal's office that the sale would be conducted at 2:30 p.m. at the address shown in the notice of sale (3457), they were proceeding to this location when they passed 2457 Canton Highway and, seeing similar equipment on location there, stopped to ask three persons present, including the woman in charge of the store, whether there was to be a marshal's sale at these premises but no one knew anything of a sale. It was then 2:25 p.m. They proceeded to the 3457 address advertised and found no one present and no equipment in situ. They returned to 2457, arriving there at 2:37 p.m. and were informed the sale had been conducted at 2:30 and the cooler bought in for $15.00. Based on these facts, appellant moved to set aside the sale and the denial of this relief is here enumerated as error.

The trial court should have granted the motion to set aside. Under *Code* § 39-201, where the court orders property to be sold at a place other than at the courthouse door because of difficulty or expense of transportation the levying officer *shall* give the true location of the property in the advertisement of sale. This obviously means the same thing as the language in the second proviso of the Code section, referring to change in place of sale due to traffic hazard, which requires that "no such property shall be sold at a place different from that shown in the advertisement of the sale."

It is true that the original error in address was due to appellant itself, but this does not militate against the fact that a sale *must* be conducted at the place designated in the court order and any advertising done pursuant thereto, since otherwise it would be easy to conceal the true place of sale and defraud persons seeking to bid. "Courts

shall have full power over their officers making execution sales; and whenever satisfied that a sale made under process is infected with fraud, irregularity, or error to the injury of either party, the sale shall be set aside." *Code* § 39-1316. Mere inadequacy of price is not of itself sufficient ground for setting aside a sale (*Palmour v. Roper*, 119 Ga. 10 (5) (45 SE 790)), but where coupled with other circumstances showing fraud, accident or mistake tending to bring about such inadequacy, a sufficient reason is presented. *Smith v. Ga. Loan &c. Co.*, 114 Ga. 189 (39 SE 846); *Interstate Trust Co. v. Citizens' Bank*, 166 Ga. 537 (143 SE 577). We hold that a sale at a place other than at the courthouse, and other than that designated in the judicial order and announced in the notice and advertisements, is such an irregularity as renders the sale voidable at the option of one who was thereby deprived of his bid. Nor is the appellant here estopped from urging this point, even though its agents had reason to know the true location of the property, where they were at such location five minutes before the announced sale time and were told that no one on the premises had any knowledge of such an event, and on their return 12 minutes later after investigating the address announced in the advertisements were told that the sale had been consummated and equipment valued at $1,400 by them had been sold for $15.

*Judgment reversed. Jordan, P. J., and Clark, J., concur.* ARGUED JANUARY 5, 1972—DECIDED JANUARY 20, 1972.

*Lipshutz, Macey, Zusmann & Sikes, Bartow Cowden, III,* for appellant.

*Don F. DeFoor,* for appellee.