47271.  SMALL EQUIPMENT COMPANY v. WALKER.

Submitted May 23, 1972—Decided July 14, 1972—
Rehearing denied July 28, 1972—

*Thomas H. Wall, III,* for appellant.

*Joel A. Willis, Jr.,* for appellee.

STOLZ, Judge. The present transaction having been entered into prior to the effective date of the Uniform Commercial Code, its enforcement is governed by pre-UCC law. *Code Ann.* § 109A-10—102 (Ga. L. 1962, pp. 156, 427); *Chas. S. Martin &c. Co. v. First State Bank,* 114 Ga. App. 693, 695 (152 SE2d 599).

"'Courts shall have full power over their officers making execution sales; and whenever satisfied that a sale made under process is infected with fraud, irregularity, or error to the injury of either party, the sale shall be set aside.' *Code* § 39-1316. Mere inadequacy of price is not of itself sufficient ground for setting aside a sale (*Palmour v. Roper,* 119 Ga. 10 (5) (45 SE 790)), but where coupled with other circumstances showing fraud, accident or mistake tending to bring about such inadequacy, a sufficient reason is presented. *Smith v. Ga. Loan &c. Co.,* 114 Ga. 189 (39 SE 846); *Interstate Trust Co. v. Citizens' Bank,* 166 Ga. 537 (143 SE 577)." *Warren Co. v. Little River Farms, Inc.,* 125 Ga. App. 332, 333 (187 SE2d 568).

*Code Ann.* § 39-1201 provides in part as follows: ". . . [I]n all cases where any sheriff, coroner, or other levying officer shall levy any execution or other legal process upon any corn, lumber, timber of any kind, bricks, machinery, or other articles difficult and expensive to transport, said officer may sell said property without carrying and exposing the same at the courthouse door on the day of the sale, but *the levying officer shall give a full description of the property*

*and the place where it is located in the advertisement of the sale."* (Emphasis supplied.) Insofar as the record shows, the advertisement of the present sale merely gave notice that the sale was to be at the courthouse at a certain time, and neither fully described the property to be sold nor the place where it was to be located. It cannot be said as a matter of law that this did not work injury on the defendant merely because the sheriff may have informed any prospective bidders where they might view the property as he had been instructed to do. It is possible that some prospective bidders might have gone by the situs of the property to inspect and assess it before bidding at the sale if they had known of its location, whereas one attending the sale expecting to view the property at the courthouse might well be unwilling to travel 17 miles to view it, especially since it might be sold in the meanwhile.

Nor can it be held as a matter of law, that the defendant breached the forthcoming illegality bond by not "delivering" the property levied upon at the time and place of sale, as is required by *Code* § 39-301. A jury might find that the defendant had delivered custody to the sheriff by the facts that, apparently by mutual consent of all parties, the property was stored in the defendant's building under the sheriff's lock and key because it was so heavy, large, and cumbersome, and that the sheriff was requested to deliver it to the courthouse for the sale. Could the defendant be required, under such circumstances, to have forcefully broken the sheriff's lock and re-seized possession of the property from the sheriff's lawful custody? We think not. It was a jury question likewise as to whether the facts showed a waiver by the defendant of any or all alleged irregularities in the sale, including the absence of the property from the place of the sale. The mere fact that the defendant was informed prior to the sale that the property was not to be exhibited at the place of the sale, would not alone show waiver, without evidence that no bona fide effort was made to raise the objection. The defendant alleges that such an effort was unsuccessfully made. Neither is such waiver

proved by the fact, standing alone, that the defendant urged that the plaintiff had waived all irregularities in the sale with regard to his action on the forthcoming bond. This is not an admission by the defendant that the sale was regular, but a contention that the plaintiff, *not* the defendant, had waived any irregularities.

Similarly, while the mere facts that the plaintiff bid for and bought the property worth at least $4,000 (according to the bond) for only $100, and that the sale was delayed some seven months because of the plaintiff's failure to pay the advance cost of advertising, if proven, might not demand a finding of irregularity in the sale so as to authorize its being set aside, these facts, when added to the totality of circumstances above referred to, could authorize a verdict and judgment for the defendant.

It follows that the trial judge did not err in his judgment overruling the plaintiff's motion for a summary judgment.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*