48392, 48393. SMALL EQUIPMENT COMPANY v. WALKER; and vice versa.

EVANS, Judge. On the levy of a fi. fa. issued upon the foreclosure of a conditional sales contract on personal property, defendant in fi. fa. filed an affidavit of illegality. Plaintiff therein filed a motion for summary judgment which was granted. In *Walker v. Small Equipment Co.,* 114 Ga. App. 603 (152 SE2d 629), this court affirmed with direction that the language of the judgment be modified so as to clearly limit its effect as a lien to the property covered by the contract, so that it would not operate as a general judgment against the defendant.

The judgment below was so modified, and a public sale of the property was thereafter conducted.

Plaintiff then filed suit for a deficiency judgment. Defendant answered and contended the resulting delay, depreciation, chilling of the bidding, and the sale of the property located elsewhere than at the place of sale, caused the property to bring less than its true value, and that plaintiff was not entitled to a deficiency judgment.

Plaintiff then filed a motion for a summary judgment, which was denied. In *Small Equipment Co. v. Walker,* 126 Ga. App. 827 (192 SE2d 167), this court affirmed, holding that there remained genuine issues of material fact as to whether the judicial sale was infected with fraud, irregularity, or error, to the injury to the defendant in that the property sold for $100 instead of a possible $4,000 to $6,000 valuation.

Plaintiff then amended her pleadings and filed another motion for summary judgment, which was denied. Plaintiff appeals from that order, and same is Case No. 48392 for consideration by this court.

Defendant had previously filed a motion for summary judgment which was also denied and defendant appeals in that case, which is No. 48393. *Held:*

1. Following this court's decision on the first appearance, giving direction, dated November 14, 1966, the lower court modified its decree on December 27, 1966, which affirmed the first grant of motion for summary judgment by plaintiff on the foreclosure. The property was then advertised and sold by the sheriff on the first Tuesday in June, 1967, almost six months later. The sheriff who conducted the sale has executed three different affidavits in regard to the reasons why the property was not called for and carried to the courthouse door for the sale. Based upon one of the sheriff's affidavits and the bond attached to the affidavit of illegality with all amendments, the publisher's affidavit showing advertisement of sale, and the amended judgment authorizing the sale, plaintiff again moves for summary judgment. Plaintiff amended her petition, seeking attorney fees, contending defendant has been guilty of bad faith in the transaction and of stubborn litigiousness and of bad faith subsequent to the filing of the petition; and prays for an additional 33 1/3% of principal, interest and costs, for attorney fees on account of the bad faith. Defendant responded, and filed another affidavit by the sheriff in regard to the reasons for his not having the property at the place of sale; and an affidavit by the defendant showing the plaintiff had made no attempt to sell the property for almost six months after the affirmance by this court and in which she disputed the sheriff's earlier affidavit as to (1) defendant's knowledge of the reasons the property would not be taken to the place of sale; (2) the possession of the property; and (3) her alleged instructions to the sheriff by her husband as her agent.

2. A jury question remains as to why the property was not taken

to the courthouse in accordance with the advertisement. If not waived by all parties, the sale could be void. See Code § 39-120 and *Warren Co. v. Little River Farm,* 125 Ga. App. 332 (187 SE2d 568), which holds the sheriff's advertisement must give the true location when property is not at the place of sale, which the advertisement here did not do.

3. Likewise, the answers to the following questions remain for decision: (1) In whose possession was the property from December 27, 1966, to the first Tuesday in June, 1967? (2) Who caused the delay and subsequent deterioration of the property? and (3) Whether plaintiff, defendant, or both, are guilty of bad faith? See Code § 20-1404; *Shen v. Bruce,* 113 Ga. App. 483, 486 (148 SE2d 496); *Southern R. Co. v. Overnite Transport. Co.,* 223 Ga. 825 (7) (158 SE2d 387).

4. This court ruled, when this case was here on its second appearance, that genuine issues of material fact remained as to whether the judicial sale was infected with fraud, or with irregularity, or with error to the injury of the defendant in that the property was sold for $100, although its original value was $4,000, according to the bond. These issues still remain for jury determination.

The trial court did not err in denying both motions for summary judgment.

*Judgments affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 5, 1973 — REHEARING DENIED SEPTEMBER 21, 1973 —

*Thomas Hylmon Wall, III,* for appellant.
*Joel A. Willis, Jr.,* for appellee.