## 75673. POPE v. TRUST COMPANY BANK OF COFFEE COUNTY.
### (366 SE2d 373)

BEASLEY, Judge.

Trust Company Bank applied for confirmation of sale of real property under a power of sale, naming Pope as respondent. It alleged: Pope executed, in favor of the bank, a note and a deed to secure debt conveying certain property to secure the note; he defaulted on the note and the bank declared the full amount of the indebtedness due and payable; pursuant to the power of sale in the security deed the bank notified the debtor and advertised the sale of the property for four consecutive weeks immediately prior to the sale, in a newspaper in which sheriff's sales were advertised; the property was sold to the highest bidder but did not bring the amount due. The application incorporated copies of the notice to debtor and the newspaper advertisement. The bank reported the sale within thirty days and sought a confirmation hearing after notice to Pope.

On the day of the hearing, Pope filed an answer denying that proper notices were given and that the property brought its fair market value at the sale. The issue as to notices was not orally raised during the trial, nor was the answer mentioned.

After the close of the evidence, Pope moved to dismiss the confirmation because there was no evidence that the notices required by OCGA §§ 44-14-162 and 44-14-162.1 were given. The motion was denied and the sale confirmed.

Pope assigns as error the refusal to dismiss the confirmation because of lack of evidence of notice.

Although not every irregularity or deficiency will void the sale, if either the notice or the advertisement does not substantially meet legal requirements, the sale should be set aside. *Walker v. Northeast &c. Credit Assn.*, 148 Ga. App. 121, 122 (2) (251 SE2d 92) (1978). *Martin v. Fed. Land Bank*, 173 Ga. App. 142 (325 SE2d 787) (1984) aff'd 254 Ga. 610 (333 SE2d 370) (1985), holds that where "no evidence appears in the transcript of the hearing on the confirmation petition tending to indicate either that the sale was properly advertised in accordance with OCGA § 44-14-162 or that the appellant was properly notified of the sale in accordance with OCGA § 44-14-162.1 [sic][1] . . . the judgment of confirmation must be reversed."

Here the evidence in this regard was an affirmative response by the assistant vice president of the bank to the question: "[D]id you, through our [bank's attorney's] office, cause proper advertisement to take place to sell the property?" This conclusion was insufficient to

---

[1] See OCGA § 44-14-162.2.

satisfy the statutory requirement as it did not show the facts establishing proper legal notice. However, this presentation must be examined in context. The bank's counsel stated that he did not receive a copy of the answer, which was filed in the office of the clerk on the date of the hearing. The certificate recites that it was served by "hand delivering" it to counsel and states his office address. It is not referenced at the hearing, and an inference arises, from counsel's reliance on the pleadings in his argument on the motion to dismiss, that applicant's counsel was unaware of the controverting answer.

In view of the last-minute answer, the filing of which required the bank to establish the particulars of notice to Pope and advertisement, and because no real issue has been urged as to the merits of the confirmation, an outright reversal thereof would be premature and may work an injustice. Accordingly, we reverse with the direction that the court conduct a hearing and decide only the propriety of the notice requirements of OCGA §§ 44-14-162 and 44-14-162.2, after which any party aggrieved by that decision may pursue review of it.

*Judgment reversed with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 23, 1988.

C. *Jerome Adams*, for appellant.
Robert *H. Preston*, for appellee.