In the Matter of Charles W. FOSTER, Debtor.

Charles W. FOSTER, Plaintiff,

v.

FARMERS AND MERCHANTS BANK OF EATONTON, Jim Leathers, Jr., and Bob Leathers, Defendants.

Bankruptcy No. 88–52504.
Adv. No. 89–5042.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Dec. 4, 1989.

See also, Bkrtcy., 105 B.R. 746.

Joel D. Burns, Milledgeville, Ga., for Charles W. Foster.

Bruce M. Hofstadter, Macon, Ga., for Jim Leathers, Jr. and Bob Leathers.

T. Baron Gibson, II, Macon, Ga., for Farmers and Merchants Bank of Eatonton.

Kristin Smith, Deputy Trustee, Macon, Ga., for trustee.

## STATEMENT OF THE CASE

ROBERT F. HERSHNER, Jr., Chief Judge.

Charles W. Foster, Debtor, Plaintiff, filed a petition under Chapter 13 of the Bankruptcy Code on December 9, 1988. Plaintiff filed an adversary proceeding on June 16, 1989, urging the Court to set aside the foreclosure of a deed to secure debt by Farmers and Merchants Bank of Eatonton, Defendant, ("Farmers and Merchants Bank"). This foreclosure was conducted pursuant to a consent order entered March 16, 1989. Plaintiff contends that the legal advertisement of the nonjudicial foreclosure was defective and chilled the bidding. The adversary proceeding also names Jim Leathers, Jr., and Bob Leathers as Defendants. Defendant Jim Leathers, Jr., was the high bidder on Plaintiff's property at the foreclosure sale. Jim and Bob Leathers filed their answer on July 13, 1989. Farmers and Merchants Bank filed its answer on July 28, 1989.[1]

A trial was held on November 6, 1989. The Court, having considered the evidence presented and the briefs of counsel, now publishes its findings of fact and conclusions of law.

## FINDINGS OF FACT

Plaintiff executed a promissory note and a deed to secure debt in favor of Farmers and Merchants Bank on July 29, 1987. The property conveyed included Plaintiff's home and business. Plaintiff defaulted on the promissory note. Farmers and Merchants Bank was beginning a nonjudicial foreclosure when Plaintiff filed his petition under Chapter 13 of the Bankruptcy Code on December 9, 1988. Plaintiff filed his Chapter 13 plan on December 20, 1988. Plaintiff's plan proposed to sell the business portion of his property in order to pay his debt in full to Farmers and Merchants Bank. Plaintiff's home and vacant land would then be released from the security deed. Farmers and Merchants Bank filed an objection to the plan on February 16, 1989.

A consent order was entered on March 16, 1989. The order gave Plaintiff until April 30, 1989, to sell all or part of his property. The proceeds were to be used to satisfy the debt to Farmers and Merchants Bank. The order granted Farmers and Merchants Bank relief from the automatic stay to foreclose on Plaintiff's property. The relief, however, did not take effect until May 1, 1989, to allow Plaintiff an opportunity to sell the property.

---

1. The Court granted Farmers and Merchants Bank an extension of time to file its response.

Plaintiff failed to sell the property. Farmers and Merchants Bank caused a legal notice to run advertising a foreclosure on Plaintiff's property. The advertisement ran on May 4, 11, 18, and 25, 1989. No advertisement ran during the week of May 28 through June 3, 1989. Farmers and Merchants Bank conducted a foreclosure sale on June 6, 1989. Jim Leathers, Jr., placed the highest and best bid at the sale of $106,001.

Plaintiff notified Farmers and Merchants Bank by telephone of the alleged defect in the legal advertisement on June 8, 1989. Plaintiff confirmed the notification by letter on June 10, 1989.

Mr. Mack D. Bissette, III, M.A.I., testified at trial that he appraised Plaintiff's property at $230,000 in June 1988. He testified that this valuation is still valid based upon recent sales in the area.

Mr. Joe Hudson, Vice President, Farmers and Merchants Bank, testified that Farmers and Merchants Bank entered a bid of $106,000 at the foreclosure sale. This was the amount of debt, including costs, which Plaintiff owed Farmers and Merchants Bank. Mr. Hudson testified that about ten to twelve people attended the sale. He also testified that he had received a number of calls from people wanting to know if the sale would take place. He assured them the sale would be held.

Mr. Donald Huskins, attorney for Farmers & Merchants Bank in the foreclosure, testified that, on the day before the sale, two men inquired if the sale would be held.

## CONCLUSIONS OF LAW

Plaintiff urges the Court to set aside the foreclosure sale on the asserted ground that the legal advertisements failed to meet the requirements of state law. Plaintiff contends this defect chilled the bidding. Plaintiff also contends the property brought much less than its fair market value.

The issue before the Court is whether a foreclosure sale is void because the legal advertisement was not published during the week immediately preceding the sale.

The deed to secure debt from Plaintiff to Farmers and Merchants Bank provides:

And if the indebtedness hereby secured is not promptly paid when due, in accordance with its terms, or by reason of the acceleration of maturity as above provided, second parties, their heirs, personal representatives, successors or assigns are hereby authorized to sell all or any part of said property (and if said property is sold in parcels, this power of sale shall not be exhausted until all of the same is sold) to pay said indebtedness hereby secured, and the expenses of the proceeding. *Such sales shall be advertised and conducted at the time and place and in the usual manner of sheriff's sales* in the county in which such real estate, or a part thereof, is located. (emphasis added)

Section 44–14–162 of the Official Code of Georgia Annotated [2] provides that no foreclosure pursuant to a power of sale contained in a mortgage or deed shall be valid unless the sale shall be advertised and conducted in the usual manner of the sheriff's sales. Georgia law requires that legal notice of sheriff's sales be published once a week for each of the four weeks immediately preceding the sale.[3]

**2.** O.C.G.A. § 44–14–162 (1982). This section provides:

No sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located and unless notice of the sale shall have been given as required by Code Section 44–14–162.2.
O.C.G.A. § 44–14–162 (1982).

**3.** O.C.G.A. § 9–13–141 (1982). This section provides:

In all cases where the law requires citations, notices, or advertisements by probate court judges, clerks, sheriffs, county bailiffs, administrators, executors, guardians, trustees, or others to be published in a newspaper for 30 days or for four weeks or once a week for four weeks, it shall be sufficient and legal to publish the same once a week for four weeks, that is, one insertion each week for each of the four weeks, immediately preceding the

■ The plain language of the deed to secure debt and the Georgia Code requires that a foreclosure be advertised and conducted in the usual manner as sheriff's sales. The legal advertisement must be published once a week for four weeks immediately preceding the day the sale is to take place. If this is not done, the sale is not valid. No party contends that there is any ambiguity concerning these requirements.

The United States Supreme Court has stated that, when the language of a statute is clear, courts should enforce it according to its terms as long as a literal application of the statute does not produce a result demonstrably at odds with the intention of the drafters. *United States v. Ron Pair Enterprise, Inc.*, —— U.S. ——, 109 S.Ct. 1026, 1029–31, 103 L.Ed.2d 290 (1989). *See also Home Indemnity Co. v. Oesterle (In re Oesterle)*, 651 F.2d 401, 403 (5th Cir. Unit B 1981) (judicial restraint is particularly appropriate when the rule of law has been expressed explicitly and unambiguously).

Farmers and Merchants Bank and Jim Leathers, Jr., contend, however, that not every irregularity or deficiency in a foreclosure advertisement will void the sale. *Stripling v. Farmers and Merchants Bank*, 175 Ga.App. 75, 76, 332 S.E.2d 373, 374 (1985); *Oates v. Sea Island Bank*, 172 Ga.App. 178, 179, 322 S.E.2d 291, 293 (1984). They further contend that inadequacy of price is not enough by itself to void a sale. *Warren Co. v. Little River Farms, Inc.*, 125 Ga.App. 332, 334, 187 S.E.2d 568, 570 (1972). They contend that Plaintiff bears the burden of proving that there was a substantial defect in the advertisement and that this defect chilled the bidding.

■ Although not every irregularity or deficiency will void a sale, if either the notice or the advertisement does not substantially meet legal requirements, the sale

should be set aside. *Pope v. Trust Co. Bank of Coffee County*, 186 Ga.App. 23, 23, 366 S.E.2d 373, 374 (1988). Defects in the advertisement of a foreclosure sale that will authorize the setting aside of the sale must be those which have the effect of chilling the bidding and causing an inadequacy of price. *Boyce v. Hughes*, 241 Ga. 357, 358, 245 S.E.2d 308, 309 (1978). Circumstances showing fraud, mistake, misapprehension, irregularity or surprise, accompanied by inadequate price, are sufficient reasons to set aside a sale. *See Warren Co. v. Little River Farms, Inc.*, 125 Ga. App. at 334, 187 S.E.2d at 570; *Giordano v. Stubbs*, 228 Ga. 75, 79, 184 S.E.2d 165, 168–69 (1971).

■ In the case at bar, the Court is persuaded that Plaintiff's property brought substantially less than its fair market value. An expert appraiser testified he appraised the property at $230,000 about one year before the foreclosure sale. This appraisal is more than twice the successful bid at foreclosure. ·

It is elementary that a public sale contemplates that the public shall be given the opportunity to engage in competitive bidding. *Swymer v. Swymer*, 93 Ga.App. 286, 287, 91 S.E.2d 367, 368 (1956). The last foreclosure advertisement was published twelve days before the sale. Witnesses testified that several people inquired about the status of the foreclosure sale. It is reasonable to conclude that other potential bidders, understanding the publication requirement of legal advertisements, assumed the sale had been cancelled and did not attend the sale. The Court is persuaded that potential bidders were confused concerning whether the sale would be held. The Court is of the opinion that the missing advertisement had a chilling effect on the bidding.

The Court has reviewed two opinions with facts similar to those in the case at bar. In *Stripling v. Farmers & Mer-*

term or day when the order is to be granted or the sale is to take place. The number of days between the date of the first publication and the term or day when the order is to be granted or the sale is to take place, whether

more or less than 30 days, shall not in any manner invalidate or render irregular the notice, citation, advertisement, order, or sale. O.C.G.A. § 9–13–141 (1982).

*chants Bank,*[4] a foreclosure notice was published on January 4, 11, 18, and 25. The sale was conducted on February 7. The notice was not published, however, during the week immediately preceding the sale (i.e. January 29 through February 4). The bank sought and obtained both confirmation of the sale and a deficiency judgment. The mortgage grantor failed to raise the issue of defective legal notice during those proceedings. Nor did the mortgage grantor appeal the confirmation order or the default judgment on the deficiency. Only when the bank levied on his property to satisfy the deficiency judgment did the grantor argue that the foreclosure proceeding was defective because it was not properly advertised. The Georgia Court of Appeals noted that the grantor failed to timely raise the defective advertisement issue and dismissed his appeal, noting that the grantor has had his day in court.[5]

In *Proudfit v. Oliver,*[6] a decision by the Supreme Court of Georgia, a security deed, with a power of sale, authorized the grantee to sell the property at public outcry "after advertising the time, place, and terms of sale in any newspaper published in said county, ... once a week for four weeks prior to said date of sale." The notice of sale was published on September 9, 16, 23, and 30. The sale was held on October 10. The notice was not published during the week immediately preceding the sale (i.e. October 1 through 7).

The court stated:

The sale was not advertised in conformity to the power in the security deed, and therefore did not divest the title of the grantor to the land. The provision in the power of sale "as to notice, advertisement, etc., should be held to have the same meaning as it has in the acts relating to judicial sales which were in force at the time of the execution of the instrument containing the power." *Carter v. Copeland,* 147 *Ga.* 417 (94 S.E. 225). The Civil Code (1910), § 6063, declares, that, where notices or advertise-

ments by certain named officials, trustees, and others are required to be published in a newspaper for thirty days, or for four weeks, or "once a week for four weeks, it shall be sufficient and legal to publish the same once a week for four weeks (that is, one insertion each week for each of the four weeks) immediately preceding the term or day when the order is to be granted, or the sale is to take place; and the number of days between the date of the first publication and the term or day when the order is to be granted or the sale to take place, whether more or less than thirty days, shall not in any manner invalidate or render irregular the said notice, citation, advertisement, or order or sale." In the case at bar the power in the security deed authorized the sale to be made after advertising the same "once a week for four weeks prior to said date of sale." The advertisement was published during four consecutive calendar weeks prior to the sale, but there was not "one insertion [of the advertisement] each week for each of the four weeks immediately preceding the .. day .. the sale [was] to take place," as the code section cited requires. The last advertisement was published September 30, and the sale was not had until October 10 thereafter; so that there was no advertisement published during the week immediately preceding the sale.

150 Ga. at 708–09, 105 S.E. at 241.

The facts in *Stripling* are distinguishable from those in *Proudfit* and the case at bar. In *Stripling,* the plaintiff failed to timely raise the defect in the advertisement. The court of appeals did not reach the issue of whether the sale should be set aside. In the case at bar, Plaintiff notified Farmers and Merchants Bank almost immediately of the defect in the legal advertisement. Plaintiff filed a motion to set aside the sale about ten days after the sale took place.

In *Proudfit,* a unanimous Supreme Court of Georgia held that a foreclosure not ad-

---

**4.** 175 Ga.App. 75, 332 S.E.2d 373 (1985).

**5.** *Id.* at 75–77, 332 S.E.2d at 374–75.

**6.** 150 Ga. 707, 105 S.E. 241 (1920).

vertised during the week immediately preceding the sale did not divest the mortgage grantor of title to the property. The legal notice requirement and defect in *Proudfit* are identical to those in the case at bar.

The Court is persuaded that the foreclosure on Plaintiff's property is void and must be set aside. Any deeds issued as a result of the foreclosure are void.

An order in accordance with this memorandum opinion will be entered this date.