## 55576. SHANTHA v. WEST GEORGIA NATIONAL BANK.

DEEN, Presiding Judge.

The primary issue at a hearing for confirmation of a foreclosure sale under power, which is a condition precedent to an action for deficiency judgment, is a judicial ascertainment that the property brought at least its true market value on the foreclosure sale. Code Ann. § 67-1504. The court must also pass on the "legality of the notice, advertisement and regularity of the sale." Code § 67-1505. By inference, if the sale is irregular (i.e., not conducted in the usual manner of sheriff's sales; Code Ann. § 67-1506) or if either the notice or the advertisement does not substantially meet legal requirements, the sale should be set aside. But not every irregularity or deficiency at this point will void the sale, for as stated in *Hamilton Mtg. Corp. v. Bowles,* 142 Ga. App. 882 (237 SE2d 198) (1977), the court's inquiry should go only to the value of the real estate on the date of sale, in the course of the examination to determine which the fairness of the technical procedures used may be examined, but only for the purpose of making sure that the sale was not chilled and the price bid was in fact market value.

Two witnesses who testified as to value placed the amount at or less than the purchase price. Enumerations of error contending that the bid was too low are without merit.

The remaining enumerations attack the various

deed descriptions in the loan deed, the advertisement, and the affidavit. For example, in both the warranty deed and the deed to secure debt there is an obvious typographical error in that, instead of referring to the intersection of U. S. Highway 78 and Center Point Road, the description designates an intersection of *U. S. Highway 78* with *U. S. Highway 78*. This is corrected in the foreclosure deed and advertisement. Both the foreclosure deed and advertisement also refer to a certain plat by name, date, and names of surveyors, and all these documents show the same district, the same courses and distances, and the same land lots. Further, the land involved is a large irregularly shaped piece which frequently refers either to adjoining property owners, streams, or roads, both named and unnamed, in setting out the various metes and bounds. "An inaccuracy in a deed does not necessarily make it void. *Johnson v. McKay,* 119 Ga. 196 (3) (45 SE 992, 100 ASR 166); *Burson v. Shields,* 160 Ga. 723 (5) (129 SE 22); *Copeland v. Carpenter,* 206 Ga. 822 (4) (59 SE2d 245)." *Pressley v. Jennings,* 227 Ga. 366, 367 (180 SE2d 896) (1971). In that case the adjoining property was incorrectly described in the deed as being on the east side of the tract when it was in fact on the west side. Here the inaccuracy is equally flagrant. Further, the roads are shown on the plat described in the warranty and security deeds and are correctly stated in the legal advertisement for foreclosure. The fact that the plat was not recorded, so long as it exists, does not disqualify it as a sufficient key to what is meant to correct the typographical error. *Ga. Loan &c. Co. v. Dyer,* 233 Ga. 957, 958 (213 SE2d 864) (1975); *Duncan v. Frye,* 236 Ga. 351 (223 SE2d 712) (1976). "If the premises are so referred to as to indicate [an] intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract." *Hedden v. Hilton,* 236 Ga. 641, 642 (225 SE2d 39) (1976).

It thus appears that the description in the advertisement is fully adequate, that the misdescriptions in the warranty deed and loan deed are mere typographical errors, that reversing the order of the designated metes and bounds, which is permissible, would serve to correct the mistake, and that in any event

the trial court in this confirmation sale is not concerned with whether or not the prior deed descriptions were sufficient so long as any error or insufficiency did not contribute to chilling the price on the sale of the property or serve to void the advertisement. We agree that the advertisement should meet the requirements of Code § 39-1101 in stating "a full and complete description of the property." Nothing in this record suggests that the description as contained in the advertisement was void or that it was either so unclear or incomplete as to have the effect of chilling the sale.

The trial court properly entered judgment confirming the sale.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED APRIL 3, 1978 — DECIDED APRIL 20, 1978.

*Trauner, King & Cohen, Kevin S. King, Janet L. Haynes,* for appellant.

*Tuggle & Sullivan, S. James Tuggle, Robert H. Sullivan, Henry C. Head,* for appellee.