## 56553. WALKER et al. v. NORTHEAST PRODUCTION CREDIT ASSOCIATION et al.

McMurray, Judge.

Northeast Production Credit Association brought this action for confirmation of the sale of real property under powers contained in a deed to secure debt. The defendants answered, contending that the sale price is not the true market value of the property and that the sale was chilled in that the required advertisement indicated that the sale would be made subject to a first lien in favor of the Federal Land Bank of Columbia but a release was granted by the Federal Land Bank of Columbia, and the public was notified of this release only by announcement at the sale.

A confirmation of sale hearing was held before the trial court on July 11, 1977, and the hearing was continued until March 14, 1978, at which time the purchasers were allowed to intervene. By order dated May 4, 1978, the trial court confirmed the sale and defendants appeal contending that the court erred in holding that the accepted bid of $137,000 was the true market value of the property, that the trial court erred in holding that the sale was not chilled by the mention in the newspaper foreclosure advertisement that the sale would be subject to an outstanding first deed to secure debt in favor of the Federal Land Bank of Columbia when, in fact, at the sale it was announced that the land would be sold free and clear of that encumbrance, and that the trial court erred in ruling that the misapplication of the sales proceeds did not require the denial of approval and confirmation of the foreclosure sale. *Held:*

1. "The question of value is a question of fact for determination by the trior of fact (the trial judge in this instance), and his determination should not be disturbed by a reviewing court if there is any evidence to support it. *Thompson v. Maslia,* 127 Ga. App. 758, 764 (4) (195 SE2d

238); *Nat. Community Builders v. C. & S. Nat. Bank,* 232 Ga. 594, 596 (III) (207 SE2d 510)." *Kilgore v. Life Ins. Co.,* 138 Ga. App. 890, 891 (2) (227 SE2d 860). Here there was a substantial range of opinion as to the value of the property in question with the greatest discrepancies existing as to the quantity and value of salable timber upon the land. Although there were conflicts, the evidence presented was sufficient to support the findings of fact by the trial court as to value. See also *Tifton Corp. v. Decatur Federal Savings &c. Assn.,* 136 Ga. App. 710, 712 (222 SE2d 115); *Tingle v. Atlanta Federal Savings &c. Assn.,* 93 Ga. App. 393, 396 (2) (91 SE2d 804).

2. "The primary issue at a hearing for confirmation of a foreclosure sale under power, which is a condition precedent to an action for deficiency judgment, is a judicial ascertainment that the property brought at least its true market value on the foreclosure sale. Code Ann. § 67-1504. The court must also pass on the 'legality of the notice, advertisement and regularity of the sale.' Code § 67-1505. By inference, if the sale is irregular (i.e., not conducted in the usual manner of sheriff's sales; Code Ann. § 67-1506) or if either the notice or the advertisement does not substantially meet legal requirements, the sale should be set aside. But not every irregularity or deficiency at this point will void the sale, for as stated in *Hamilton Mtg. Corp. v. Bowles,* 142 Ga. App. 882 (237 SE2d 198) (1977), the court's inquiry should go only to the value of the real estate on the date of sale, in the course of the examination to determine which the fairness of the technical procedures used may be examined, but only for the purpose of making sure that the sale was not chilled and the price bid was in fact market value." *Shantha v. West Ga. Nat. Bank,* 145 Ga. App. 712 (244 SE2d 643). The issue of fact as to whether the advertisement of the lien in favor of the Federal Land Bank of Columbia which was released prior to the sale, acted to chill the price on the sale of the property has been decided adversely to Walker. Walker presented no evidence to support his contention that this conduct resulted in a chilling of the price at the sale while Northeast Production Credit Association introduced evidence that there was competitive bidding between a

number of interested parties. There being some evidence to support the finding of the trial judge on this issue his determination should not be disturbed by a reviewing court. *Kilgore v. Life Ins. Co.,* 138 Ga. App. 890, supra.

3. The alleged misapplication of the proceeds from the foreclosure sale is a matter for determination in other lawsuits. *Scroggins v. Harper,* 138 Ga. App. 783 (1) (227 SE2d 513).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED NOVEMBER 14, 1978.

*Frank B. McDonald, Jr.,* for appellants.
*Carroll Russell, C. Edwin Rozier,* for appellees.