## 68505. OATES v. SEA ISLAND BANK.
(322 SE2d 291)

SOGNIER, Judge.

Sea Island Bank (the bank) sought confirmation of sale of real estate under a power of sale contained in a deed to secure debt executed by Oates. The bank foreclosed on the secured property when Oates defaulted on the promissory note in the amount of $70,100. The bank, the only bidder at the public sale, purchased the property for $60,000. The trial court confirmed the sale. Oates appeals.

1. Appellant contends that the trial court erred by entering an order confirming the foreclosure sale because insufficient evidence was submitted by appellee concerning the true market value of the property. Evidence was presented to show the unfinished condition of the house and lot along with opinion evidence offered by both parties as to market value.

"In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. [Cits.]" *American Century v. Strickland,* 138 Ga. App. 657, 661 (227 SE2d 460) (1976). There being ample evidence to support them, the trial court's findings of true market value will not be disturbed. *Kilgore v. Life Ins. Co. of Ga.,* 138 Ga. App. 890, 891 (2) (227 SE2d 860) (1976); *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238) (1972).

2. Appellant contends that the trial court erred by issuing the order of confirmation because neither the notice nor the advertisement of the foreclosure sale met statutory requirements.

a. The advertisement of foreclosure described the property as being the same as "recorded in Plat Book *20*, page 122, Bulloch County records . . . ." when in fact, the plat was recorded in Plat Book *16*, page 122. Appellant contends that the inaccuracy of the advertisement had a chilling effect on the sale of the property which was shown by the lack of attendance at the foreclosure sale.

A foreclosure sale "shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales . . . ." OCGA § 44-14-162. This requires that the advertisement give a "full and complete description of the property to be sold . . . ." OCGA § 9-13-140 (a). However, not every irregularity or deficiency in the advertisement will void the sale. See *Walker v. Northeast &c. Credit Assn.*, 148 Ga. App. 121, 122 (2) (251 SE2d 92) (1978). The issue to be decided by the trial court is whether the error contributed to chilling the price on the sale of the property or voiding the advertisement. *Shantha v. West Ga. Nat. Bank*, 145 Ga. App. 712, 714 (244 SE2d 643) (1978). See *Walker*, supra. There was evidence that there were parties in addition to the bank present at the foreclosure sale, and appellant's appraisal witness testified that he encountered no difficulty in locating the property using the description in the legal advertisement. Appellant presented no evidence to support his contention of the chilling effect of the incorrect advertisement. There being some evidence to support the finding of the trial court on this issue, its determination will not be disturbed. *Walker*, supra at 123; *Shantha*, supra at 714.

b. Appellant also contends that the notice of sale provided him was inadequate. This contention is without merit, being based solely on appellant's failure to claim a certified letter addressed to him at his correct address. See generally *Watts v. Kegler*, 133 Ga. App. 231, 232 (3) (211 SE2d 177) (1974); *Liberty Mut. Ins. Co. v. Coburn*, 129 Ga. App. 520 (2) (200 SE2d 146) (1973). The evidence was sufficient to authorize the trial court to find that appellant had evaded notice. *Watts*, supra at 233.

3. Appellant contends that the trial court erred by denying appellant's motion to disqualify appellee's counsel. Appellant argues that a direct conflict of interest exists because the attorney who searched the title of the subject property and closed the loan for the purchase of that property was an attorney in the same law firm as appellee's present counsel who initiated the foreclosure process. Although the attorney in *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327 (270 SE2d 867) (1980), handled only a part of the foreclosure proceeding and did not conclude the final foreclosure proceeding, we find sufficient similarity to our present case. As in *Kennedy*, supra at 332, "[t]here is nothing in the record indicating that any confidences or secrets were acquired in the earlier transaction which

could have been used to appellant['s] detriment in connection with the foreclosure." In the absence of any evidence in the record that appellant was in any manner prejudiced by reason of the other attorney's role in the foreclosure proceeding, we hold that the trial court did not err by denying appellant's motion to disqualify opposing counsel. *Kennedy*, supra at 332-333; *Bolton Rd. Med. Center v. C. & S. Nat. Bank*, 151 Ga. App. 21, 23 (2) (258 SE2d 682) (1979).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 4, 1984 —
REHEARING DENIED SEPTEMBER 20, 1984 

*Walter W. Ballew III, R. Kran Riddle*, for appellant.
*Charles H. Brown, Susan W. Cox*, for appellee.