### 69846. STRIPLING v. FARMERS & MERCHANTS BANK.
(332 SE2d 373)

BEASLEY, Judge.

Stripling executed two promissory notes to the Farmers and Merchants Bank, which also held deeds to real estate given as security for the notes. When payments became delinquent, on February 7, 1984, the bank conducted a foreclosure sale of the secured property, bringing $39,000. Since this sum was insufficient to cover the debt, within 30 days the bank sought confirmation of the sale, which was accomplished. Then the bank filed a complaint seeking a deficiency judgment against the borrower. No responsive pleadings were filed and a default judgment in the amount of $15,185.59 was entered. Stripling did not appeal the confirmation order or the default judgment.

Thereafter, the bank levied on property owned by Stripling in order to satisfy the judgment. Stripling filed an affidavit of illegality to the levy based on two grounds: 1) the foreclosure proceeding and confirmation were defective because of the dates the property was advertised for sale; 2) he was never personally served in the suit seeking

a deficiency judgment. The bank traversed the affidavit and moved for summary judgment on the grounds that as a matter of law, the affidavit was not sustainable. After a hearing, the motion was granted and the sale was permitted to proceed. In finding for the bank the court held that, regardless of whether there was an irregularity in the advertisement of the sale, "a defendant who has had his day in court may not go behind a judgment for the purpose of collaterally attacking an underlying judgment by means of an affidavit of illegality." Concerning the contention as to lack of personal service the court held that Stripling failed to meet requirements necessary to raise that issue by affidavit of illegality. Hence the appeal. *Held*:

1. Stripling has not argued, by brief or otherwise, the issue of lack of service and that ground is considered abandoned. Court of Appeals Rule 15 (a) (2).

2. According to the bank's allegations in the confirmation proceeding, advertisements of the February 7 sale were published on January 4, 11, 18 and 25, 1984. Stripling contends this invalidates the sale because OCGA § 44-14-162 requires that sales under power "be advertised . . . in the usual manner of a sheriff's sales." OCGA § 9-13-140 requires that notice of a judicial sale be published weekly for four weeks. OCGA § 9-13-141 specifies notice once a week for four weeks "immediately preceding" the day the sale is to take place.

This argument provides no basis for reversal. "A defendant against whom a judgment has been rendered after he has been duly served has had, in legal contemplation, his 'day in court,' and cannot go behind the judgment by affidavit of illegality." *Fitzgerald Granitoid Co. v. Alpha Portland Cement Co.*, 15 Ga. App. 174 (1) (82 SE 774) (1914). An affidavit of illegality may not be utilized to attack a judgment for any cause that could have been set up as a defense in the original suit. *Murphey v. Smith*, 16 Ga. App. 472 (2) (85 SE 791) (1915). "Unless the judgment is absolutely void, an affidavit of illegality is never the proper method to attack it." *Mason v. Fisher*, 143 Ga. App. 573, 574 (239 SE2d 226) (1977). Stripling, with proper notice, had two opportunities to raise the issue on which he predicated the affidavit of illegality. The day is now past and the dilatory defendant may not go behind the judgments in question.

Moreover, not every irregularity furnishes a basis for voiding a foreclosure sale. The crucial point of the inquiry on confirmation is to insure that the sale was not chilled and the price bid was in fact market value. *Shantha v. West Ga. Nat. Bank*, 145 Ga. App. 712 (244 SE2d 643) (1978); *Walker v. Northeast &c. Credit Assn.*, 148 Ga. App. 121, 122 (251 SE2d 92) (1978); *Oates v. Sea Island Bank*, 172 Ga. App. 178, 179 (322 SE2d 291) (1984). The alleged failure to advertise the four weeks immediately preceding the sale pursuant to OCGA § 9-13-141, would not render it absolutely void. The trial court cor-

rectly held that the affidavit of illegality could not be used to circumvent the need for timely raising any issue as to advertisement in the former proceedings.

3. Upon due consideration, the motion to impose penalties for frivolous appeal is denied.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 7, 1985.

*J. Laddie Boatright*, for appellant.
*Terry R. Barnick*, for appellee.