71150. MARION G. DAVIS, INC. v. CAMERON-BROWN
COMPANY.
(340 SE2d 216)

CARLEY, Judge.

Appellant appeals from an order of the superior court confirming the foreclosure sale of certain real property upon which was situated a condominium complex consisting of thirty (30) partially constructed units and associated improvements. In its order, the superior court found that the true market value of the property on the date of the sale was, in fact, less than the price for which it was actually sold. See OCGA § 44-14-161 (b). Appellant's sole enumeration of error is that the superior court erred by calculating the true market value of the real estate as a single investment opportunity rather than by adding together the true market values of each of the separate residential units.

In *Classic Enterprises v. Continental Mtg. Investors*, 135 Ga. App. 105 (217 SE2d 411) (1975), this court upheld the confirmation of a foreclosure sale of a subdivision which had been sold as a whole, rather than in single higher priced lots, stating: "There is nothing contained in the security deed which requires the appellee to sell the property described therein in single lots rather than as a whole, as described in the security deed. . . . There was no requirement that the appellee sell the property in individual tracts where there was no stated obligation to that effect in the security deed itself." *Classic Enterprises*, supra at 105-106. *Classic Enterprises* is indistinguishable from the instant case. Here the security deed merely described the property as two tracts and contained no express requirement that appellee sell the property in individual units. See also *Harwell v. First Fed. Savings &c. Assn.*, 245 Ga. 757 (267 SE2d 229) (1980).

Appellant contends, however, that the separate valuation of each individual unit is mandated by OCGA § 44-3-96, which provides, in part, that "[f]or all purposes, each condominium unit shall constitute a separate parcel of real property which shall be distinct from all other condominium units." Consistent with the condominium concept, the import of this statute, entitled "Separate Titles and Taxation," is only that each condominium *unit* (see OCGA § 44-3-71 (9)) has its own legal identity and is taxed, and may be bought and sold,

separately. The only Code section ostensibly relevant to the underlying facts in the instant case is the preceding one, OCGA § 44-3-95, which deals specifically with the foreclosure of mortgages and liens on condominium projects. Appellant does not argue that the foreclosure did *not* have the effect of terminating the condominium within the provisions of OCGA § 44-3-95. Accordingly, we need not decide whether the superior court's consideration of the property as a whole rather than as a collection of condominium units was violative of OCGA § 44-3-95.

The only disputed issue was whether the foreclosure sale brought the true market value of the property. The superior court considered all of the evidence and determined that it did. " 'In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. [Cits.]' [Cit.]. . . . There being ample evidence to support them, the trial court's findings of true market value will not be disturbed. [Cits.]" *Oates v. Sea Island Bank*, 172 Ga. App. 178 (1) (322 SE2d 291) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1986 —
REHEARING DENIED FEBRUARY 4, 1986 —

*J. Noel Osteen, George M. Rountree*, for appellant.
*Thomas E. Dennard, Jr., W. Francis Allen, Jr.*, for appellee.