74875. DEPENDABLE EQUIPMENT & LEASING COMPANY
v. NURSECARE OF ATLANTA, INC.
(361 SE2d 23)

BANKE, Presiding Judge.

A representative of Nursecare of Atlanta, Inc., negotiated a lease agreement with a sales representative of Dependable Equipment Leasing Company pursuant to which Nursecare was to lease from Dependable certain air-conditioning and kitchen equipment. Nursecare informed Dependable at the onset of their discussions that its obligations under the lease would not be personally guaranteed by any individual representative of Nursecare.

As requested by Dependable, a credit application was completed by Nursecare's representative; and, on June 11, 1985, a "non-cancellable lease agreement" was "accepted" in writing by Gerald Vestal, acting as a duly authorized representative of Dependable. Vestal's signature of acceptance was the first to appear on the agreement. Later that day, the agreement was delivered to John Flaxington, who executed it in his capacity as assistant secretary of Nursecare.

On the following day, June 12, 1985, the executed agreement was reviewed by Patricia Vestal on behalf of Dependable. Ms. Vestal telephoned Nursecare's attorney, who was also a corporate officer, to inquire if Flaxington had authority to execute documents for the corporation. During the course of this conversation, Ms. Vestal advised for the first time that Dependable would require the personal guarantee of one of Nursecare's corporate officers on the agreement. Nursecare's attorney responded by advising Ms. Vestal that Flaxington had been authorized by the board of directors of Nursecare to execute the agreement and by further advising her that it was Nursecare's policy not to provide personal guarantees of corporate obligations. Nursecare's attorney did offer, however, to provide the personal financial statements both of the company's president and of its parent company as evidence of Nursecare's financial stability.

On June 13, 1985, Nursecare remitted to Dependable a security deposit of $4,401.96, as contemplated by the agreement. Nursecare's credit application was subsequently approved; but, based on the com-

pany's refusal to provide the personal guarantee of a corporate officer, Dependable invoked a forfeiture provision contained in the agreement, pursuant to which it both retained the security deposit and refused to deliver the equipment. Thereafter, Nursecare brought an action for breach of contract, seeking a refund of its security deposit, plus interest and attorney fees pursuant to OCGA § 13-6-11. The case proceeded to trial, and at the conclusion of the evidence the trial court granted Nursecare's motion for directed verdict on the contract claim. The claim for attorney fees was then submitted to the jury, which returned a verdict in favor of Nursecare. Dependable appeals. *Held*:

1. The trial court did not err in granting Nursecare's motion for directed verdict. Dependable defended the claim on the theory that the lease agreement never became a binding contract because its obligations thereunder were contingent on Nursecare's furnishing the personal endorsement of its president guaranteeing the company's performance. The trial court, however, concluded that no such condition precedent was contained in the agreement. We agree with this conclusion. The unrebutted evidence demonstrated that Nursecare's negotiator had expressly advised Dependable throughout their negotiations that no personal guarantee would be provided. Indeed, every witness on behalf of the defense testified that there were no discussions with Nursecare's agent concerning this requirement until *after* the lease agreement had been fully executed by both parties. Moreover, we note that even if Dependable were correct in its contention that no binding contract ever came into existence, this would support rather than defeat Nursecare's claim for the return of its security deposit.

"A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a); [cits.]" *Carver v. Jones*, 166 Ga. App. 197, 199 (303 SE2d 529) (1983). Based on Dependable's utter failure to establish any basis for its retention of the security deposit, the trial court was authorized to direct a verdict in favor of Nursecare.

2. Dependable further contends that the trial court erred in refusing to consider its theory of mutual departure from the terms of the contract. See OCGA § 13-4-4. Following the close of the evidence and the grant of Nursecare's motion for directed verdict, Dependable orally moved the court for leave to amend its pleadings to assert this theory as a defense to Nursecare's claim. The trial court denied the motion, citing the pre-trial order which had been entered in the case pursuant to Rule 7.2 of the Uniform Superior Court Rules and which specified that the pleadings would not be subject to amendment ex-

cept by order of the court to prevent manifest injustice. In addition, however, the court considered and rejected Dependable's argument that a new agreement was created when Nursecare's attorney provided the personal financial data on the corporation's president. As we concur in this assessment, we conclude that this enumeration of error establishes no ground for reversal.

3. We similarly reject Dependable's contention that it was entitled to a directed verdict with respect to Nursecare's claim for attorney fees pursuant to OCGA § 13-6-11. While it is firmly established that the mere refusal to pay a debt will not authorize recovery of the expenses of litigation in an action ex contractu, such a recovery is authorized where, as in the present case, the evidence warrants a finding by the jury that no bona fide controversy exists and that the defendant has been stubbornly litigious and has caused the plaintiff unnecessary expense in defending the claim. See generally *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522, 524 (191 SE2d 317) (1972).

4. Nursecare has moved this court for the imposition of a penalty against Dependable pursuant to OCGA § 5-6-6 for pursuing a frivolous appeal. Upon examination of the record, we have concluded that there was no arguable merit to the appeal and that "appellant knew or should have known that, under a careful reading of the facts and the relevant law, his appeal [was] ill-founded." *Ray v. Standard Fire Ins. Co.*, 168 Ga. App. 116, 118 (308 SE2d 221) (1983). Accordingly, Nursecare's motion is hereby granted; and the trial court is hereby directed to enter judgment in favor of Nursecare for additional damages in the amount of 10 percent of the original judgment upon receipt of the remittitur from this court.

*Judgment affirmed with damages. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 9, 1987.

*Joseph H. Fowler*, for appellant.
*John M. Bruce, Robert J. Hipple*, for appellee.