A91A0687. CONCEPT MANAGEMENT, LTD. et al. v.
CARPENTER.
(405 SE2d 119)

McMURRAY, Presiding Judge.

J. Robert Carpenter sought confirmation of sale of real estate under a power of sale contained in a deed to secure debt executed by Concept Management, Ltd., a Georgia Limited Partnership, and Arthur M. DeFrancis, as general partner (debtors). The deed to secure debt was supported by a "wraparound" promissory note in the original principal amount of $753,200 and it encompassed an assembled parcel of real estate, formerly two parcels that are encumbered by separate security deeds executed in favor of Windsor Federal Savings & Loan Association ("Windsor Federal").[1] Carpenter's deed to secure debt was subordinate to Windsor Federal's security deeds, but Carpenter agreed to service the Windsor Federal debts so long as the debtors complied with the terms of the "wraparound" promissory note, i.e., paid the purchase money debt to Carpenter.

Carpenter foreclosed on the secured property when the debtors defaulted on the "wraparound" promissory note and he caused the property to be advertised for public sale. The property sold to Carpenter at public auction for $272,175.38. The trial court confirmed the sale and this appeal followed. *Held:*

1. The debtors contend the trial court erred in confirming the sale, arguing that the advertisement giving notice of the sale caused the property to sell for less than its fair market value. More specifi-

---

[1] The debts supporting the Windsor Federal security deeds were in the original principal amounts of $275,000 and $217,500.

cally, the debtors argue that the advertisement was deficient because it failed "to state the relationship between the senior encumbrances and the two (2) parcels of land in that each parcel is secured by a separate Note and Deed to Secure Debt." This contention is not supported by the record.

The advertisement for public sale described Carpenter's deed to secure debt and the "Wraparound Promissory Note . . . in the original principal amount of $753,200.00. . . ." The advertisement also provided, in pertinent part, that the property "will be sold subject to that certain Deed to Secure Debt held by Windsor Federal Savings and Loan Association, of Windsor, Connecticut recorded in Deed Book 6795, page 367, Fulton County, Georgia Records, and subject to that certain Deed to Secure Debt held by Windsor Federal Savings and Loan Association, of Windsor, Connecticut recorded in Deed Book 6795, page 372, Fulton County, Georgia Records. . . ." These provisions were more than sufficient to place potential bidders on notice of the financial encumbrances of the real property. In fact, a full examination of the advertisement shows that it fully complied with the requirement that "the advertisement . . . give a full and complete description of the property to be sold, making known the names of the plaintiff, the defendant, and any person who may be in the possession of the property." OCGA § 9-13-140 (a). See *Shingler v. Coastal Plain &c. Assn.*, 180 Ga. App. 539 (2), 540 (a) (349 SE2d 785). Further, according to the debtor's notice of appeal, there was no transcript prepared of the confirmation hearing and thus there is no evidence in the record to support the debtors' contention that the advertisement chilled the price on the sale of the real estate. See *Oates v. Sea Island Bank*, 172 Ga. App. 178 (2) (322 SE2d 291). Under these circumstances, we must assume that the evidence adduced at the confirmation hearing supported the trial court's finding that there was "no evidence of irregularity of sale and . . . no evidence of chilling of the bids for the Property." See *Oates v. Sea Island Bank*, 172 Ga. App. 178 (1), supra. This enumeration is without merit.

2. Carpenter moves for a penalty to be imposed upon the debtors for frivolous appeal pursuant to Rule 26 (b) of the Rules of the Court of Appeals of the State of Georgia and argues that the appeal was prosecuted only to delay the "pursuit of the deficiency judgment." We agree.

"[N]ot every irregularity or deficiency in the advertisement will void the sale. See *Walker v. Northeast &c. Credit Assn.*, 148 Ga. App. 121, 122 (2) (251 SE2d 92) (1978). The issue to be decided by the trial court is whether the error contributed to chilling the price on the sale of the property or voiding the advertisement. *Shantha v. West Ga. Nat. Bank*, 145 Ga. App. 712, 714 (244 SE2d 643) (1978)." *Oates v. Sea Island Bank*, 172 Ga. App. 178 (2), 179, supra.

In the case sub judice, the debtors did not provide any evidence on appeal to support their sole contention that the sale was chilled as a result of the allegedly deficient advertisement. In fact, the debtors state in the notice of appeal that a transcript of the confirmation "trial" was not "taken down" and that it is unnecessary for the clerk of the superior court to include "a transcript of the trial . . ." on appeal. It is therefore impossible to review the trial court's finding that there was "no evidence of irregularity of sale and . . . no evidence of chilling of the bids for the Property." Under these circumstances, we conclude that the debtors knew or should have known that the appeal was ill-founded. See *Dependable Equip. &c. Co. v. Nursecare of Atlanta*, 184 Ga. App. 136, 138 (4) (361 SE2d 23). Consequently, a penalty pursuant to Rule 26 (b) of this Court in the amount of $200 is assessed against the debtors. "We direct that the penalty so imposed be included in the remittitur transmitted to the trial court." *Lamb v. U. S. Sales Corp.*, 194 Ga. App. 333, 334 (3) (390 SE2d 440).

*Judgment affirmed with direction. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 2, 1991.

*Ronald S. Stevens*, for appellants.
*Alston & Bird, Linda K. Disantis, John I. Spangler III*, for appellee.