## A91A1982. TARLETON v. GRIFFIN FEDERAL SAVINGS BANK.
(415 SE2d 4)

BIRDSONG, Presiding Judge.

Appellant Dianne Tarleton appeals the order of the superior court confirming the sale of real property by appellee Griffin Federal Savings Bank. Appellant entered into a promissory note with appellee; the note was secured by certain real estate of appellant. A deed to secure the debt evidencing appellee's security interest in the indebtedness was duly recorded. Appellee bank foreclosed and bid in the property for $200,400. Appellee filed a confirmation petition, and the court entered an order confirming the sale. *Held:*

1. To confirm a foreclosure sale of real estate, without legal process, "[t]he court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale." OCGA § 44-14-161 (b).

Appellee's appraiser, using Fannie Mae's guidelines for residential appraisals, appraised the property at $200,000; appellant's appraiser appraised it at $237,000. Appellant asserts the trial court abused its discretion in finding the property brought its true market value at the foreclosure sale because appellant's appraisal was clearly more accurate and reliable, particularly as her expert had considered comparable sales occurring immediately preceding the confirmation hearing. On appellate review, the test is not whether this court would have accepted appellant's expert appraisals as the most reliable and accurate, but whether the record contains any evidence to support the findings of the trial court that the property brought its true market value at the foreclosure sale. *Marion G. Davis, Inc. v. Cameron-Brown Co.,* 177 Ga. App. 646 (340 SE2d 216); *Oates v. Sea Island Bank,* 172 Ga. App. 178 (1) (322 SE2d 291). Although the evidence was in conflict as to the market value of the property, the findings of the trial court are supported by the evidence and are not clearly erroneous. See *Shingler v. Coastal Plain &c. Credit Assn.,* 180 Ga. App. 539, 542 (2e, 4) (349 SE2d 785).

2. Appellant asserts the confirmation sale should not have been confirmed as the advertisement of sale (OCGA §§ 9-13-140; 9-13-141; 44-14-162) was legally defective, could have caused confusion among potential buyers and appellee presented no evidence that there were other people present at the sale. The two deficiencies asserted are that: (a) the advertisement referred incorrectly to the security deed as having been recorded at page 3 of the deed book rather than on page 2 thereof, and (b) the phrase reciting the location of the property as "being Lot 10, Block D, Unit 1, Eagles Landing" was erroneously repeated in the legal advertisement.

(a) Appellant asserts in her brief that her appraiser did not find

the property by use of the legal advertisement; this claim is unsupported by evidence of record. Likewise, unsupported is appellee's factual assertion that when the deed book is open, page 3 thereof is on the right and page 2 is on the left in plain view. We will not consider on appellate review any assertions of fact unsupported by the trial record. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223).

(b) "Not every irregularity or deficiency in the advertisement will void the sale. The issue to be decided by the trial court is whether the error contributed to chilling the price on the sale of the property or voiding the advertisement." (Citations and punctuation omitted.) *Concept Mgmt., Ltd. v. Carpenter*, 199 Ga. App. 503, 504 (2) (405 SE2d 119); *Oates v. Sea Island Bank*, supra at 179 (2 a). Thus, the crucial point of an inquiry on confirmation is to insure that the sale was not chilled and the price bid was in fact market value. *Stripling v. Farmers &c. Bank*, 175 Ga. App. 75, 76 (2) (332 SE2d 373).

Appellant in her brief has advocated the potential for confusion caused by these deficiencies and has asserted that this alleged confusion may have caused potential buyers not to investigate further after turning to page 3 of the deed book and seeing only the "boiler plate contents" of the security deed, and that the alleged confusion as to the legal description of the property in the advertisement would cause bidders to be unwilling to bid on the property.

We find that merely repeating an accurate description twice in the advertisement would not confuse the bidding intentions of any potential bidder of sufficient mental capacity to enter a binding contract for the purchase of the real property, let alone chill the sale so that a fair market value bid was not obtained. Such an obvious printing or drafting error is harmless.

Appellant also has failed to show by the record how the citation to page 3 rather than page 2 of the deed book would chill the sale and cause the property to be bid at less than its fair market value; in this regard, we note appellant's judicial admission in her brief that "when a party was researching this matter, and he opened the book to page 3 . . . he would have seen just the boiler plate contents [of the document in question] as a security deed." This is not even a case where the page number causes a potential bidder to be referred to a document not pertaining to the property in question; and we fail to see how a potential purchaser would be mislead to the extent asserted by appellant merely by being cited to a page other than the first page of the same recorded legal document. An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful. *Baker v. Baker*, 194 Ga. App. 477, 480 (390 SE2d 892); *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510). Appellant has failed to make this requisite showing. Appellant's other assertions also are without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 7, 1992.

Newton & Howell, Griffin E. Howell III, for appellant.
Beck, Owen & Murray, Richard M. Hunter, James R. Fortune, Jr., for appellee.