## COVENTRY CREDIT UNION

v.

## John T. TRAFFORD et al.

### No. 98–421–A.

Supreme Court of Rhode Island.

April 19, 2000.

Paul S. Callahan, Providence.

David W. Dugan.

## O R D E R

The defendants, John T. Trafford and Carol A. Trafford (the Traffords), appeal from a Superior Court judgment that dismissed their counterclaims against the plaintiff, Coventry Credit Union (credit union). The Traffords alleged that the credit union failed to comply with the statutory requirements for advertising foreclosures and that it slandered their title when it noticed foreclosure proceedings with respect to their mortgaged property (the property).

In an order dated December 3, 1999, this Court dismissed the Traffords' appeal in regards to the judgment in favor of the credit union's trespass and ejectment action. We also ruled in that order that "those issues related to defendants' counterclaims will remain on the *show cause* calendar as previously ordered." At oral argument, however, the Traffords' attorney waived any appealable issues relating to their slander of title counterclaims, leaving the propriety of the credit union's foreclosure advertisement as the only remaining issue for us to decide. Because no cause has been shown, we proceed to resolve the Traffords' appeal at this time.

As a result of the Traffords' failure to make payments under a promissory note, the credit union began foreclosure proceedings on the property in 1993. The credit union duly advertised that the property would be sold at public auction. The foreclosure advertisement identified the property as located on Reservoir Road in Coventry, Rhode Island and also included the book and page number of the recorded mortgage as well as the plat and lot number of the land. But the advertisement did not contain a street-address number for the property because the town's records evinced some confusion over which street-address number was the correct one: the tax rolls listed the property as 90 Reservoir Road while other town hall records listed it as 88 Reservoir Road. Moreover, the mortgaged premises subject to the foreclosure constituted only a portion of the property owned by the Traffords at that location. Consequently, the attorney responsible for placing the advertisement concluded that it would be misleading to include a street-address number in the foreclosure advertisement.

On August 12, 1993, the credit union purchased the property for $130,000 at a public auction where it was the only bidder. Despite this purchase, the Traffords continued to occupy the property and refused to vacate the premises. In September 1993, the credit union filed a trespass and ejectment action against them and the Traffords filed an answer, pro se, which included several counterclaims. The case ultimately proceeded to trial before a Superior Court justice sitting without a jury.

The court decided in favor of the credit union on both its trespass and ejectment action and on the Traffords' counterclaims. The trial justice found that the Traffords failed to sustain their burden of proving that the omission of the street-address number in the foreclosure advertisement had prejudiced them in the foreclosure sale. He also determined no evidence indicated that the lack of a street-address number had dissuaded any potential buyers from purchasing the property. Although the credit union's $130,000 bid was less than the outstanding debt on the property, no other evidence was introduced during the trial concerning the fair-market value of the property. The trial justice believed that a reasonable potential pur-

chaser would have contacted the foreclosure attorney (who was listed in the advertisement) for more information on the property or investigated further at the Coventry Town Hall. He also concluded that the foreclosure attorney made a good faith effort both to protect his client's interests and to act fairly towards prospective purchasers. These findings formed the basis for the court's denial of the Traffords' counterclaims.

General Laws 1956 § 34–27–5 describes the specifications for a foreclosure advertisement. Under § 34–27–5:

> "An advertisement for foreclosure may, if describing the real estate being foreclosed, describe the real estate to be foreclosed by metes and bounds description and street address, or by recitation of the taxing authority's assessor's plat and lot designation and street address, or by recitation of the book and page of mortgage and street address."

Generally, the use of the word "may" indicates a discretionary provision. *See Quality Court Condominium Ass'n v. Quality Hill Development Corp.*, 641 A.2d 746, 751 (R.I.1994). Because the Town of Coventry's records were unclear concerning the exact street-address number of the subject property, we hold that this case was an appropriate occasion for dispensing with the discretionary inclusion of a street-address number in the foreclosure advertisements.

Moreover, at trial, no specific evidence demonstrated that the omission of the street-address number from the foreclosure advertisements had prejudiced the Traffords. And other jurisdictions have upheld foreclosures which have had one or more alleged defects in the foreclosure advertisements, as long as these supposed discrepancies did not have a negative effect on the foreclosure purchase price. *See, e.g., Concept Management Ltd. v. Carpenter*, 199 Ga.App. 503, 405 S.E.2d 119, 121 (1991). Here, the trial justice's finding that the Traffords were not prejudiced by the omission of the street-address number in the advertisement is supported by the record. The Traffords failed to introduce any evidence that prospective buyers were ready, willing, and able to pay more than $130,000 for the property but were dissuaded from attending the auction because no street-address number appeared in the foreclosure advertisements.

In sum, the record indicates that the purchase price at the foreclosure sale was not affected adversely by omission of a street-address number from the advertisements for the auction. For these reasons we deny the Traffords' appeal of their rejected counterclaims and affirm the Superior Court's judgment.