**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 14, 2013**

# In the Court of Appeals of Georgia

A12A1843, A12A1844. RIVER WALK FARM, L. P. et al. v. FIRST CITIZENS BANK AND TRUST COMPANY, INC. (two cases.)

Boggs, Judge.

In these related appeals, River Walk Farm, L. P., Covington River Partners, L. P., Liberty Land Group, LLC, Robert A. Anclien, and Taylor B. Knox (collectively "River Walk") appeal from the trial court's orders confirming the foreclosure sale of real property under two security deeds by First Citizens Bank and Trust Company ("First Citizens"). Finding no error, we affirm.

In confirming a nonjudicial foreclosure sale under OCGA § 44-14-161, the trial court "shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale." OCGA § 44-14-161 (b).

[T]he trial judge in a confirmation proceeding sits as the trier of fact, and its [factual] findings and conclusions have the effect of a jury verdict. Thus, witness credibility and the weight of the evidence proffered by the parties at a confirmation hearing are to be judged by the trial court, and not this Court on appeal. For this reason, we will not disturb the trial court's decision if there is any evidence to support it, and we view the evidence in the light most favorable to the trial court's judgment.

(Citations, punctuation and footnotes omitted.) *Metro Land Holdings Investments v. Bank of America*, 311 Ga. App. 498, 498-499 (716 SE2d 566) (2011).

Viewed in this light, the evidence shows that in May 2007, River Walk Farm L. P. executed an "Acquisition and Development Loan Agreement" and a promissory note to Georgian Bank in the amount of $6,500,000. The promissory note was renewed in 2009 in the amount of $6,190,000. Covington River Partners, L.P., Liberty Land Group, LLC, Robert A. Anclien, and Taylor B. Knox executed guaranties in favor of Georgian Bank. River Walk Farm and Covington River Partners, L.P. each executed a security deed in favor of Georgian Bank on the two parcels of property at issue here.

In September 2009, Georgian Bank was closed and the FDIC was appointed as receiver. First Citizens purchased and became the successor in interest to the loan

documents; a representative of First Citizens identified the promissory notes, loan agreement, guaranties, and security deeds. In May, 2010, River Walk defaulted on the loan, and First Citizens foreclosed on the property.

In January 2011, First Citizens, as the highest bidder, purchased the property securing the note and guaranties for $1,215,500 and $995,000. First Citizens then filed petitions to confirm and approve the sales for the purpose of pursuing a deficiency judgment. The trial court held a joint hearing with respect to both parcels of property and confirmed the sales. This appeal followed.

*Case No. A12A1843*

1. In its first enumeration of error, River Walk argues that First Citizens failed to show that it recorded an assignment of the deed to secure debt before the foreclosure sale, and that the trial court therefore erred in confirming the sale. But we have held that this issue is outside the scope of a confirmation hearing:

> The only purpose of the confirmation statute is to subject the creditor's potential deficiency claim to the condition that the foreclosure sale under power be given judicial approval. The confirmation proceeding does not result in a personal judgment and it does not adjudicate the title of the property sold. Except as to the confirmed amount of the sale, *it does not establish the liability of any party with regards to the indebtedness.*

3

(Citations and punctuation omitted; emphasis in original.) *Boring v. State Bank & Trust Co.*, 307 Ga. App. 93, 95 (1) (704 SE2d 207) (2010), citing *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297 (1) (430 SE2d 732) (1993).

River Walk argues that *Boring* does not apply because the objection there was framed in terms of standing, while River Walk instead cites the statutory requirements of OCGA § 44-14-162 (b). But this argument is foreclosed by *White Oak Homes v. Community Bank & Trust*, 314 Ga. App. 502, 504-505 (3) (724 SE2d 810) (2012), in which the appellant raised the same argument. It contended that the assignment was not filed prior to the sale and that the trial court therefore erred in confirming it. In support it expressly cited

> OCGA § 44-14-162 (b), which provides that "[t]he security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located." [Appellant] contends that the statute requires an assignment be filed prior to sale.

(Citation, punctuation, and footnote omitted.) Id. at 504-505. In response, we held, citing *Boring*:

> issues involving standing and assignment are outside the scope of a confirmation hearing: The only purpose of the confirmation statute is to

4

subject the creditor's potential deficiency claim to the condition that the foreclosure sale under power be given judicial approval. The confirmation proceeding does not result in a personal judgment and it does not adjudicate the title of the property sold. Except as to the confirmed amount of the sale, it does not establish the liability of any party with regards to the indebtedness.

A confirmation proceeding is a limited statutory proceeding in which an assignment issue is not relevant. Therefore, the issue of whether [the foreclosing bank] was a real party in interest is not relevant to this confirmation proceeding, which was commenced in accordance with OCGA § 44-14-161 (a) by the person instituting the foreclosure proceedings." *The issues of standing and assignment were irrelevant* to the confirmation proceeding.

(Citations, punctuation, and footnote omitted; emphasis supplied.) Id. at 505 (3).[1]

This enumeration of error is without merit.

2. In its second enumeration of error, River Walk contends that First Citizens "purposefully foreclosed upon real property in which [it] did not have a valid security interest" because of an error in the security deed's legal description of the property.

---

[1]In *Duke Galish, LLC v. SouthCrest Bank,* 314 Ga. App. 801 (726 SE2d 54) (2012), relied on by River Walk, we explicitly declined to reach the issue of failure to comply with OCGA § 44-14-162 (b). Id. at 803 (1).

But, as noted above, the issues decided by the trial court in confirmation of a foreclosure under power of sale are limited in scope. If no evidence is presented that an error in the legal description chilled the sale, there is no error. *Shantha v. West Georgia Nat. Bank*, 145 Ga. App. 712, 713 (244 SE2d 643) (1978) (error in legal description in warranty deed and security deed); *Oates v. Sea Island Bank*, 172 Ga. App. 178, 179 (2) (a) (322 SE2d 291) (1984) (error in legal description in advertisement). The trial court expressly found that "[r]espondents failed to produce any evidence to suggest that the error 'chilled' or otherwise impacted the bidding at the sale," and River Walk points to no such evidence in its brief. This enumeration of error is likewise without merit.

*Case No. A12A1844*

3. River Walk's first enumeration of error is identical to that asserted in Division 1, supra, and is without merit for the reasons stated there.

4. In River Walk's second enumeration of error, it contends that the trial court erred in finding that the sale of the property brought its true market value, because First Citizens "failed to present any evidence regarding the true market value of large portions of the Property sold at the Foreclosure Sale." River Walk claims that the valuation of the property under the Covington River Partners security deed should

6

have, but did not, include eight residential lots, land upon which amenities were located, and 217 acres of land subject to a conservation easement. The only evidence pointed to by River Walk in support of this contention is the testimony of its appraiser. He testified that he began his appraisal with the legal description in the security deed, then subtracted "the lots that had already been released and built on," and concluded that there was additional land on the site that had not been accounted for, and that it was "part of the foreclosure." But this expert referred to no legal description or plat to identify the allegedly missing property.

Moreover, the security deed, the deed under power of sale, and the appraisal report prepared by First Citizen's appraiser all recite the same legal description of the property foreclosed upon. And First Citizens' appraiser testified that the property evaluated was three parcels of "excess land on the periphery of the development" amounting to approximately 90 acres. River Walk points to no other evidence to support its assertion that the foreclosure included additional land that was not part of the appraisal. And the trial court was at liberty to discount the testimony of River Walk's expert, particularly since he did not identify the records on which he based his conclusory opinion.

On appellate review, the test is not whether this court would have accepted appellant's expert appraisals as the most reliable and accurate, but whether the record contains any evidence to support the findings of the trial court that the property brought its true market value at the foreclosure sale. Further, Georgia law has long held that the trier of fact may believe or disbelieve all or any part of the testimony of any witness.

(Citations and footnotes omitted.) *Metro Land*, supra, 311 Ga. App. at 500.

We therefore conclude that, under the applicable standard of review, the trial court's finding that the property brought its true market value was supported by some evidence, and we therefore affirm.

*Judgments affirmed. Doyle, P. J. and Andrews, P. J., concur*.