**FOURTH DIVISION
DOYLE, P. J.,
MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 10, 2014**

# In the Court of Appeals of Georgia

A13A1887. L & K ENTERPRISES, LLC v. CITY NATIONAL   DO-096
    BANK, N. A.

DOYLE, Presiding Judge.

This appeal arises from the trial court's order granting summary judgment to City National Bank, N. A. ("CNB"), on L & K Enterprises, LLC's, ("L & K") action for wrongful foreclosure and wrongful eviction regarding L & K's former property located at 3530 Mall Boulevard, Duluth, Georgia 30096 ("the Property"). The trial court granted summary judgment to CNB on L & K's claims, and this appeal followed.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. O.C.G.A. § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence,

and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Viewed in this light, the record shows that L & K entered into a promissory note with Imperial Capital Bank ("ICB") for the amount of $2,300,000, which note was secured with a deed to secure debt pledging the Property as security for the loan. In connection with the note, L & K granted ICB a deed to secure debt, a fixture filing, and an assignment of rents. Eventually, in 2010, ICB failed, and the Federal Deposit Insurance Corporation took over the assets, including the note at issue, assigning it to CNB. Discovering that L & K was in default on the note, CNB began foreclosure proceedings on the Property, eventually calling out the foreclosure on March 1, 2011. Thereafter, the sale was confirmed in a separate proceeding. L & K then filed the instant wrongful foreclosure suit.

1. L & K first argues that the trial court erred by finding that CNB properly filed in the clerk's office the assignment of the security deed naming it as the holder of the note pursuant to OCGA § 44-14-162 (b).

---

[1] *Matjoulis v. Integon Gen. Ins. Co.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

2

OCGA § 44-14-162 (b) states that "[t]he security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."[2] CNB presented evidence that the security deed was delivered to the clerk's office at 9:41 a.m. on the morning of day of the sale, March 1, 2011. The legal hours of sales are from 10:00 a.m. to 4:00 p.m. This Court previously has held that evidence of the time of delivery of a document to the clerk's office constitutes evidence of filing on a certain date, even though the clerk's date stamp evinced a later date of filing.[3] Thus, the trial court correctly concluded that the assignment of the security deed to CNB was filed prior to the sale. This Court has not addressed how long prior to the sale such a filing must occur, but in subsection (a) of OCGA § 44-14-162, the General Assembly included a requirement that *notice to the debtor* occur 30 days prior to the sale.[4] No such timing requirement other than "prior"

[2] See also *Duke Galish, LLC v. SouthCrest Bank*, 314 Ga. App. 801, 802-803 (1) (726 SE2d 54) (2012) (holding that the foreclosing party cured the late filing by conducting a second foreclosure sale).

[3] See *Stephens v. Espy*, 213 Ga. App. 580, 581 (445 SE2d 292) (1994).

[4] "Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure."

was included in subsection (b).[5] Accordingly, CNB met the requirements of the statute by filing the assignment with the clerk prior to the earliest possible sale time.

2. L & K contends that the trial court erred by finding that it had waived its right to file a wrongful foreclosure claim because it did not raise the issue of assignment of the security deed at the earlier confirmation hearing. The trial court's order, however, contains no such finding. Instead, the trial court stated that "any issues concerning the sufficiency of the foreclosure advertisement were previously decided in the confirmation action in which it was determined that CNB complied with Georgia law in advertising the foreclosure sale of the Property." The trial court's

---

OCGA § 44-14-162.2 (a).

[5] See *You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 71 (1) (743 SE2d 428) (2013) ("'In all interpretations of statutes, the [C]ourt shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy.' OCGA § 1-3-1 (a). Where the plain language of the statute is clear and susceptible to only one reasonable construction, we must construe the statute according to its terms.")

conclusion is correct as to the matter of the advertisement,[6] and therefore, this enumeration is without merit.

3. Finally, L & K contends that the trial court erred by finding that it had waived its right to bring a wrongful foreclosure claim because it did not raise it during two earlier bankruptcy proceedings. Nevertheless, L & K has again misconstrued the order of the trial court. The trial court stated that "it should be noted that L & K never raised any objections to CNB's right to foreclose on the Property. Under such circumstances, the [c]ourts of this State have held that subsequently asserted claims are barred by the doctrines of collateral estoppel, judicial estoppel[,] and waiver." The trial court previously had determined, however, that CNB had presented unrefuted evidence in the record that the promissory note and security deed were properly assigned to it, and CNB was entitled to enforce the power of sale included in the security deed. L & K does not contest this finding on appeal. Thus, pretermitting whether the trial court's notation that L & K's claims were subject to

---

[6] See *River Walk Farm, L.P. v. First Citizen Bank &c.*, 321 Ga. App. 173, 174-176 (1) (741 SE2d 165) (2013) (providing a summary of those claims applicable to confirmation hearings and those applicable to wrongful foreclosure actions). See also *Howser Mill Homes, LLC v. Branch Banking &c.*, 318 Ga. App. 148, 149-151 (1) (733 SE2d 441) (2012) (citing OCGA § 44-14-161 (c) which states that the trial court shall pass upon the validity of the advertisement at the confirmation hearing).

estoppel is a correct statement of the law,[7] this enumeration is without merit because this Court can affirm the trial court's order on the basis stated above.[8]

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[7] See *Hyre v. Paxson*, 214 Ga. App. 552, 554 (3) (627 SE2d 415) (2006) (holding that the debtor "by her voluntary conduct of raising no legal objections before the bankruptcy court as to the validity of subsequent foreclosure in opposition to the lifting of the automatic stay and consenting or acquiescing in the lifting of the stay, has waived her right to object to the subsequent foreclosure on grounds that it was not effected in accordance with Georgia law and the applicable provisions of the second deed to secure debt. A waiver may be established even though the acts, conduct or declarations are insufficient to establish an estoppel. Ordinarily, a waiver operates to preclude a subsequent assertion of the right waived or any claim based thereon."). Compare with *Gajaanan Investment, LLC v. Shahil & Sohail Corp., Inc.*, 323 Ga. App. 694, 696 (1) (747 SE2d 713) (2013) (no prior adjudication of the merits by the bankruptcy court, and therefore, no preclusive effect of the bankruptcy court's order).

[8] See, e.g., *685 Penn, LLC v. Stabilis Fund I, L.P.*, 316 Ga. App. 210, 211-212 (1) (728 SE2d 840) (2012) (affidavit testimony regarding possession of original note and deed were sufficient to rebut claims that defendant was not the true holder). See also *HWA Properties, Inc. v. Community & Southern Bank*, 322 Ga. App. 877, 887, n. 12 (746 SE2d 609) (2013) ("A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed.").